NO. 07-02-0335-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 20, 2003

_____

IN RE PABLO S. RODRIGUEZ M.D.

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

OPINION

In this original proceeding, relator Pablo S. Rodriguez, M.D. seeks a writ of mandamus requiring respondent the Honorable Patrick A. Pirtle, Judge of the 251st District Court of Potter County, Texas, to vacate an order granting an extension of time to file an expert report required by the Texas Medical Liability and Insurance Improvement Act (the Act) and to dismiss the suit underlying this action. *See* Tex. Rev. Civ. Stat. Ann. art. 4590i (Vernon Supp. 2003). In the underlying suit, Mary Lopez, the independent administratrix

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2003).

of the Estate of Ruben E. Grimaldo, the real party-in-interest (the real party), sought recovery against relator.

Article 4590i requires that a plaintiff must furnish the counsel for a defendant physician one or more expert reports, together with a *curriculum vitae* for each expert, not later than the 180th day after the date on which a health care liability claim is filed. *Id*. §13.01(d). If the claimant fails to do so within the required time, on the motion of the affected physician, the statute provides that the court *shall* enter an order dismissing the cause of action with prejudice. *Id*. §13.01(e)(3).

However, subsection 13.01(g) of the statute provides:

> Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

Tex. Rev. Civ. Stat. Ann. art. 4590i §13.01(g) (Vernon Supp. 2003).

Subsection (l) of the statute provides that after a hearing, if it appears to the court that a tendered report does not represent a good faith effort to comply with the definition of an expert report contained in subsection (r)(6), the court shall grant a motion seeking dismissal. As defined in the statute, an "expert report" means a written report that provides

2

a fair summary of the expert's opinions as of the date of the report regarding: 1) applicable standards of care, 2) the manner in which the care rendered by the physicians failed to meet the standards, and 3) the causal relationship between that failure and the injury, harm, or damages claimed. *Id*. §13.01(r)(6).

A brief discussion of the procedural history of this matter is necessary. From the mandamus petition and response, it appears that the suit underlying this proceeding was filed by the real party against Grand Medical Clinic, Inc., Leonardo E. Salcedo, M. D., and Susan Baltz on March 12, 2001. On May 4, 2001, Dr. Salcedo sought indemnity from relator Dr. Rodriguez. On May 9, 2001, seeking to meet the expert report requirement of the statute, the real party filed a report from Dr. George Cole and, on May 10, 2001, filed an amended petition in which they included relator as a party defendant. On January 15, 2002, relator moved to dismiss the underlying suit because the report filed by the real party failed to meet the requirements of section 13.01(r)(6) of article 4590i in that: 1) it did not show it had been prepared by an expert as the term is defined in the statute; 2) it did not state with specificity the applicable standard of care and how it was breached by the health provider, and 3) it did not demonstrate a causal link between the conduct complained of and the alleged injury. Thus, relator contended, because the 180-day period within which a proper report might be filed had expired, section 13.01(e) of the statute required the dismissal of the lawsuit with prejudice.

On January 31, 2002, the real party responded by denying the report was inadequate, and in the alternative, sought an extension of time pursuant to section

13.01(g). The trial court subsequently concluded the filed report was inadequate, but because the failure to file an adequate report was the result of accident or mistake, granted a 30-day grace period within which to file an adequate report. That is the order that gives rise to this proceeding.

We hold the trial court was correct in its determination that the report was inadequate and did not meet the statutory requirements. Thus, we must decide if respondent abused his discretion in granting the real party a 30-day extension of time within which to file an amended expert report, and if so, if relator is entitled to the mandamus relief he seeks.

To be entitled to mandamus relief, relator must show that the trial court clearly abused its discretion or violated a ministerial duty. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when the trial court's decision is so arbitrary or unreasonable as to amount to a clear and prejudicial error. *Id.* There must also be no adequate remedy at law. In that connection, the cost or delay of having to go through trial and the appellate process does not necessarily make that procedure inadequate. *Id.*

To support his contention that he has no adequate remedy at law and is entitled to bring this mandamus proceeding, relator relies upon the reasoning employed by the court in *In re Collom & Carney Clinic Ass'n,* 62 S.W.3d 924 (Tex. App.–Texarkana 2001, no pet.). In that case, the court held that the statute had the specific purpose of eliminating

4

frivolous claims filed against medical practitioners by requiring dismissal if an expert report sufficiently showing the claim was not frivolous was not timely filed. Because of this purpose, the court concluded, a remedy by direct appeal was inadequate and mandamus would be available in a proper case. *Id.* at 929-30. As we did in *In re Olivia Morris, M.D.* (Tex. App.–Amarillo 2002) (orig. proceeding) (not yet reported), we agree with that decision and the court's reasoning. Thus, we will determine whether mandamus remedy is available in this case.

In arguing his entitlement to the writ, relator emphasizes the reason a report is required to set out an expert's opinion that the specific conduct called into question was not proper, is to provide a basis for the trial court to conclude that the plaintiff's claim has merit. See *American Transitional Care v. Palacios,* 46 S.W.3d 873, 879 (Tex. 2001). He then posits that an inadequate report is akin to no report and because the real party's report, even though timely filed was inadequate, the trial court should have dismissed the suit. In considering that argument, we must determine if the trial court was justified in determining that the real party established that her failure to timely file an adequate report was the result of an accident or mistake and was not intentional or the result of conscious indifference.

While the statute itself does not define what constitutes intentional acts or conscious indifference, those terms have been discussed in a default judgment context. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). There appears to be a consensus among the courts of appeal that in suits such as this one, the

5

legislature intended the courts to construe those terms in a manner similar to their application in the default judgment context. *See Whitworth v. Blumenthal,* 59 S.W.3d 393, 400 (Tex. App.–Dallas 2001, pet. filed); *Finley v. Steenkamp*, 19 S.W.3d 533, 539 (Tex. App.–Fort Worth 2000, no pet.); *Schorp v. Baptist Mem. Health Sys.*, 5 S.W.3d 727, 731 (Tex. App.–San Antonio 1999, no pet.); *Nguyen v. Kim*, 3 S.W.3d 146, 150-51(Tex. App.–Houston [14th Dist.] 1999, no pet.); *Layman v. Angeles,* 968 S.W.2d 533, 536 (Tex. App.–Texarkana 1998, no pet.); and *McClure v. Landis*, 959 S.W.2d 679, 681 (Tex. App.–Austin 1997, pet. denied).

As a result, these courts hold that a trial court's decision regarding a grace period is reviewable for an abuse of discretion. *See, e.g., Chisholm v. Maron,* 63 S.W.3d 903, 906 (Tex. App.–Amarillo 2001, no pet.); *Martinez v. Battelle*, 41 S.W.3d 685, 690 (Tex. App.–Amarillo 2001, no pet.); *Knie v. Piskun*, 23 S.W.3d 455, 461 (Tex. App.–Amarillo 2000, pet. denied); *Layman*, 968 S.W.2d at 535; *Estrello v. Elboar*, 965 S.W.2d 754, 757 (Tex. App.–Fort Worth 1998, no pet.); and *McClure*, 959 S.W.2d at 681. This is the same standard of review used by the supreme court in the default judgment context. *See Craddock v. Sunshine Bus Lines*, 133 S.W.2d at 126.

The burden of establishing that inadequacy of an expert report was not intentional or the result of conscious indifference, but was the result of an accident or mistake rests with the claimant. *Reittmer v. Garza*, 65 S.W.3d 718, 724 (Tex. App.–Houston [14th Dist.] 2001, no pet.); *Finley*, 19 S.W.3d at 539; *Schorp*, 5 S.W.3d at 731; *Layman*, 968 S.W.2d at 536; *McClure,* 959 S.W.2d at 681; and *Carey Cruthcer, Inc. v. Mid-Coast Diesel Servs.,*

*Inc.* 725 S.W.2d 500, 502 (Tex. App.–Corpus Christi 1987, no writ). In determining whether there was intentional disregard or conscious indifference, an appellate court must look to the knowledge and acts of the party who has suffered the consequences of the error and asked for relief. *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex. 1984); *Layman*, 968 S.W.2d at 536; *Nguyen,* 3 S.W.3d at 151.

At the hearing on relator's motion to dismiss, the real party's attorney was the only witness who testified. He testified that he recognized the importance of an adequate expert report in cases such as this and he was an experienced personal injury attorney. He had examined Dr. Cole's report and, in his opinion, it was sufficient to meet the statutory requirements. If it was not sufficient, he candidly admitted, it was a mistake on his part. Thus, to resolve this proceeding, we must decide if the real party's attorney's belief that Dr. Cole's report met the statutory requirements is sufficient to justify the §13.01(g) grace period granted by the trial court. This particular question was not addressed in *Morris* because the relator there did not challenge the trial court finding that the failure to file an adequate expert report was not intentional, but the result of an accident or mistake.

In *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992), albeit in a default judgment context, the court specifically held that a mistake of law may constitute an accident or mistake. In *Knie v. Piskun*, 23 S.W.3d at 464-65, we interpreted the holding in *Bank One* as establishing that a mistake of law, as contrasted to ignorance of the law, can be sufficient to meet the accident or mistake standard explicated in *Craddock.* In

7

*Roberts v. Medical City Dallas Hospital, Inc.,* 988 S.W.2d 398, 403 (Tex. App.–Texarkana 1999, pet. denied), the court held that an attorney's mistaken belief about what the statute required generally is sufficient excuse to justify granting the grace period.

Suffice it to say, after considering all of the above authorities and the testimony of the real party's attorney, we cannot say the trial judge abused his discretion in determining that any deficiencies in the submitted report were not the result of conscious indifference, but the result of accident or mistake. He was therefore justified in granting the grace period within which to file an amended report.

Accordingly, relator is not entitled to mandamus relief and his petition must be, and is hereby, denied.

John T. Boyd
Senior Justice