**In re Denton WATUMULL, M.D., Relator.**

**No. 05–04–00019–CV.**

Court of Appeals of Texas, Dallas.

Feb. 3, 2004.

Diana L. Faust, Cathy Felty Mcarthur, Ashley E. Frizzell, Devon Joy Fultz, Cooper & Scully, P.C., Dallas, for relator.

Benton Musslewhite, Law Offices of Benton Musslewhite, Houston, for real parties in interest.

Before Justices WRIGHT, MOSELEY, and RICHTER.

## OPINION

Opinion by Justice MOSELEY.

In this mandamus proceeding, relator Denton Watumull, M.D. seeks a writ of mandamus ordering the trial court to dismiss the health care liability claims filed against him by the real party in interest, Valerie Bryan, because: (1) she failed to comply with an order requiring her to file a $7,500 cost bond, entered pursuant to section 13.01(b) of the Medical Liability Insurance Improvement Act ("Act"); and (2) failed to timely file an expert report pursuant to section 13.01(d) of the Act. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 140 § 1, 1995 Tex. Gen. Laws 985–86, *repealed* by Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 10. 01, 2003 Tex. Gen. Laws 847, 864–885.[1] For the reasons set forth below, we conditionally grant the writ.

Section 13.01(a) of the Act required a person asserting a health care liability claim, not later than ninety days after the date of filing the claim, to: (1) file a cost bond in the amount of $5,000; (2) place cash in an escrow account in the amount of $5,000; or (3) file an expert report if nei-

---

1. Because Bryan's claim was filed before the repeal of article 4590i it is governed by the provisions of article 4590i *in effect* at the time her suit was filed. Act of June 11, 2003, 78th Leg., R.S., ch. 204 § 23.02(d), 2003 Tex. Gen. Laws 847, 899. Section (h) of 13.01 allows the parties to agree to extend the time for complying with section (a). In this case, the parties did not agree to an extension of time. Also, section (o) allows indigent pro se plaintiffs to file an affidavit of indigency in lieu of the cost bond or cash deposit. Bryan is represented by an attorney.

ther a cost bond nor cash deposit has been filed. Section 13.01(b) of the Act provided that if such a cost bond, cash deposit, or expert report was not filed by the required date, upon motion by the affected physician or health care provider, the court "shall" enter an order requiring the claimant to file a $7,500 cost bond with respect to the physician or health care provider not later than the twenty-first day after the date of the order. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 140 § 1, 1995 Tex. Gen. Laws at 985 (repealed 2003). The statute also required the order to provide that "if the claimant fails to comply with the order, the action shall be dismissed for want of prosecution with respect to the physician or health care provider, subject to reinstatement in accordance with the applicable rules of civil procedure and subsection (c) of this section." *Id.*

On September 5, 2002, Bryan filed suit alleging health care liability claims against Watumull. The ninetieth day after the filing of Bryan's claim was December 4, 2002. Bryan did not file the required cost bond, cash deposit, or expert report as to Watumull by that date. In January 2003, Watumull moved to compel Bryan to file a $7,500 cost bond pursuant to section 13.01(b) of the Act. On March 7, 2003, the trial court ordered Bryan to file a $7,500 cost bond with the court within twenty-one days after the date of the order. The order advised Bryan that failure to comply would result in dismissal of her claims against Watumull for want of prosecution. Thus, Bryan had until March 28, 2003 to comply with the trial court's order before dismissal of her claims against Watumull. She did not do so. On March 7, Watumull moved to dismiss Bryan's claims against him because she failed to comply with the trial court's March 7, 2003 order and the requirements of section 13.01(a) and (b) of the Act.

Section 13.01(d) additionally required health care liability claimants to file an expert report as to each physician or health care provider within 180 days of filing a claim against that person or entity. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 140 § 1, 1995 Tex. Gen. Laws at 986 (repealed 2003). Bryan did not meet this deadline either. On March 7, 2003, Watumull moved to dismiss Bryan's claims because she failed to file her expert report by March 4, 2003, as required by section 13.01(d).

Section 13.01(g) allowed, upon showing of good cause, an extension of time of thirty days for the plaintiff to file a section 13.01(d) expert report. *Id.* On March 26, 2003, Bryan filed an expert report by Jonathan Walker labeled "initial evaluation" and a motion to extend time to file her expert report pursuant to section 13.01(g). Bryan admitted that Walker's report had not been timely filed under 13.01(d) but argued that good cause existed to extend the time for filing the report to March 26, 2003. Bryan then filed a second report from Walker on May 27, 2003.

The trial court heard all the motions on July 18, 2003. At the conclusion of the hearing, the trial court granted Bryan one week to file additional briefing. Bryan requested an extension of time to file the additional briefing with an alternative request for an additional thirty days to file an amended expert report pursuant to section 13.01(g). On November 7, 2003, the trial court signed an order granting Bryan an extension of time under section 13.01(g) and denying Watumull's motions to dismiss.

■ Watumull then filed this original proceeding contending the trial court abused its discretion in: (1) denying his motion to dismiss for failure to post a $7,500 cost bond or cash deposit pursuant

to article 4590i section 13.01(b)(2) and the trial court's March 7, 2003 order; (2) denying his motion to dismiss for failure to timely file the expert report under section 13.01(d); and, (3) granting Bryan an extension of time to file the expert report under section 13.01(g). Watumull also asserts he has no adequate remedy at law. We review the trial court's denial of the motions to dismiss under an abuse of discretion standard. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding); *Thomas v. Ben Taub Gen. Hosp.,* 63 S.W.3d 908, 911 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (trial court did not abuse discretion in dismissing action due to plaintiff's failure to file cost bond as ordered).

■ In the trial court,[2] Bryan argued she was relieved of any duty to file the cost bond pursuant to the March 7, 2003 order because she filed an expert report and motion for extension of time within 210 days of filing suit. Specifically, Bryan argued that the original 180–day period allowed under section 13.01(d) and the thirty day extension allowed under section 13.01(g), together with filing the report before the March 28 deadline, met her obligations under the section 13.01(a) and (b), and the March 7 order. We disagree.

Assuming a claimant fails to file an expert report in compliance with section 13.01(a) (i.e. within ninety days of filing the claim), that section's alternative requirements of a cost bond or cash deposit are separate and independent of any requirements to file an expert report under section 13.01(d) (i.e. within 180 days of filing the claim). Further, the extension of time authorized under section 13.01(g) applies to expert reports required under section

13.01(d), not cost bonds, cash deposits, or expert reports required by subsection (a). *See* Act of May 18, 1995, 74th Leg. R.S., ch. 140 § 1, 1995 Tex. Gen. Laws, at 986 (repealed 2003).

Bryan missed section 13.01(a)'s mandatory ninety day deadline to file a $5,000 cost bond or cash deposit, or in the alternative, an expert report. The trial court, in response to Watumull's motion and as mandated by section 13.01(b), ordered Bryan to file a $7,500 bond by the twenty-first day after his order (i.e. by March 28) and including the ultimatum regarding dismissal as required by section 13.01(b)(2). *See* Act of May 18, 1995, 74th Leg., R.S., ch. 140 § 1, 1995 Tex. Gen. Laws at 985 (repealed 1003). Because Bryan failed to comply with the trial court's order, mandated by the statute, and did not file the required $7,500 cost bond, we conclude the trial court had no discretion but to dismiss her claim, subject to reinstatement in accordance with the applicable rules of civil procedure and subsection (c) of that section.

■ Further, we conclude Watumull does not have an adequate remedy at law. *Walker,* 827 S.W.2d at 842; *In re Collom & Carney Clinic,* 62 S.W.3d 924, 928–929 (Tex.App.-Texarkana 2001, orig. proceeding) (relief by writ of mandamus lies from the trial court's failure to dismiss when required under article 4590i). Because of our disposition of Watumull's issue as to the cost bond required by section 13.01(b) and the order entered pursuant to that statute, we need not address his other issues with respect to the timeliness of any expert report.

2. This Court issued an order instructing Bryan to file a response to the petition for writ of mandamus no later than January 20, 2003. By facsimile after hours on January 23, 2004, Bryan filed a motion for extension of time to file her response. The filing fee for the motion has not been paid. Accordingly, we use Bryan's arguments made below.

Accordingly, we conditionally grant the writ of mandamus. We order the trial court to vacate its order signed November 7, 2003 denying Watumull's April 4, 2003 motion to dismiss and enter an order dismissing Valerie Bryan's health care liability claims against Denton Watumull in case number CC–02–10676–E pursuant to the trial court's March 7, 2003 order and article 4590i, section 13.01(b)(2), subject to reinstatement upon compliance with article 4590i, section 13.01(c). The trial court is ordered to file a certified copy of its order in compliance with this order within thirty days of the date of this order. Should the trial court fail to do so, the writ will issue.