**In re HILL REGIONAL HOSPITAL.**

**No. 10–04–00071–CV.**

Court of Appeals of Texas,
Waco.

April 14, 2004.

Gail N. Friend, Friend & Associates, Houston, for Appellant/Relator.

Mark G. Lazarz, Shellist, Love & Lazarz, P.C., Houston, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

PER CURIAM.

The petition for writ of mandamus is denied.

Writ denied.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The Supreme Court has denied, without written opinion, a number of original proceedings in which health care providers had sought benefits of the mandatory dismissal under former article 4590i, section 13.01(e).[1] *In re Women's Hospital of Texas, Inc.*, No. 14–02–00561–CV, 2002 Tex. App. LEXIS 9358 (Tex.App.-Houston [14th Dist.] July 26, 2002, orig. proceeding), *mand. denied*, 47 Tex. Sup.Ct. J. 318 [02–0748] (March 5, 2004); *In re Horswell*, No. 05–03–00474–CV, 2003 WL 1754010, 2003 Tex.App. LEXIS 2894 (Tex.App.-Dallas Apr. 3, 2003, orig. proceeding), *mand. denied*, 47 Tex. Sup.Ct. J. 318 [03–0334] (March 5, 2004); *In re Southside Family Care Associates, P.A.*, No. 13–03–00535–CV (Tex.App.-Corpus Christi Oct. 6, 2003, orig. proceeding), *mand. denied*, 47 Tex. Sup.Ct. J. 319 [03–0981] (March 5, 2004); *In re Forth Worth Osteopathic Hospital, Inc.*, No. 02–03–00169–CV, 2003 WL 21666812, 2003 Tex.App. LEXIS 5915 (Tex.App.-Fort Worth July 7, 2003, orig. proceeding), *mand. denied*, 47 Tex. Sup. Ct. J. 319 [03–0668] (March 5, 2004); *In re Shapiro*, No. 05–03–00343–CV, 2003 WL 1059974, 2003 Tex.App. LEXIS 2116 (Tex. App.-Dallas Mar.12, 2003, orig. proceeding), *mand. denied*, 47 Tex. Sup.Ct. J. 319 [03–0368] (March 5, 2004); *In re Rodriguez*, 99 S.W.3d 825 (Tex.App.-Amarillo 2003, orig. proceeding), *mand. denied*, 47 Tex. Sup.Ct. J. 319 [03–0474] (March 5, 2004); *In re Riverside Hosp., Inc.*, No. 13–03–00499–CV (Tex.App.-Corpus Christi Oct. 2, 2003, orig. proceeding), *mand. denied*, 47 Tex. Sup.Ct. J. 319 [03–1015] (March 5, 2004); *In re Farley*, No. 13–03–00517–CV (Tex.App.-Corpus Christi Oct. 2, 2003, orig. proceeding), *mand. denied*, 47 Tex. Sup.Ct. J. 319 [03–1056] (March 5, 2004); *In re Redels*, No. 13–03–00516–CV (Tex.App.-Corpus Christi Oct. 2, 2003, orig. proceeding), *mand. denied*, 47 Tex. Sup.Ct. J. 319 [03–1062] (March 5, 2004); *In re Barker*, 110 S.W.3d 486 (Tex.App.-Amarillo 2003, orig. proceeding), *mand. denied*, 47 Tex. Sup.Ct. J. 319 [03–0976] (March 5, 2004).

It is unclear whether they have concluded that the courts of appeals erred in granting mandamus relief in these circumstances. *In re Smith*, No. 11–03–00409–CV, 2004 WL 308664, 2004 Tex.App. LEX-

---

1. Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039 (as amended) (former Tex.Rev.Civ. Stat. art. 4590i), repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at Tex. Civ. Prac. & Rem.Code §§ 74.001 et seq.).

IS 1606 (Tex.App.-Eastland February 19, 2004, orig. proceeding); *In re Highland Pines Nursing Home, Ltd. v. Brabham,* No. 12–03–00221–CV, 2004 WL 100403, 2004 Tex.App. LEXIS 591 (Tex.App.-Tyler January 21, 2004, orig. proceeding); *In re Tenet Hospitals Ltd.,* 116 S.W.3d 821 (Tex. App.-El Paso 2003, orig. proceeding); *In re Morris,* 93 S.W.3d 388 (Tex.App.-Amarillo 2002, orig. proceeding); *In re Collom & Carney Clinic Ass'n.,* 62 S.W.3d 924 (Tex.App.-Texarkana 2001, orig. proceeding). *See also In re Rodriguez,* 99 S.W.3d 825 (Tex.App.-Amarillo 2003, orig. proceeding), *mand. denied,* 47 Tex. Sup.Ct. J. 319 [03–0474] (March 5, 2004) (where appellate court held mandamus relief available because no remedy by appeal, mandamus denied on the merits of the case). Until the basis for the Supreme Court's denial is clear, in particular, until the Supreme Court tells me that we are prohibited from granting relief to which it appears the health care provider is entitled by way of mandamus rather than having to wait and raise the same issue after a final judgment and after suffering all the harm the statute was designed to alleviate, I would follow the analysis established by the other courts of appeals. That is, I would determine, in each case, if the health care defendant is entitled to relief by mandamus. To make this evaluation, I would request a response.

Because the majority denies the requested relief without requesting a response, I note my dissent.