**In re Franz Emil SCHNEIDER, M.D. and Suresh Rajendran, M.D., Relators.**

**No. 14–04–00169–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 13, 2004.

---

Richard A. Sheehy, Ann P. Watson and Charmaine Andrea Ferguson, Houston, TX, for appellants.

Frank A. Doyle, Glenn M. Douglas, John A. Davis, Kendall D. O'Neal, Melanie Ann Rubinsky, Richard Eugene Norman, Frank N. Luccia, James R. Boston, John Gregory Myers, Lorena B. Adrogue, Richard M. Law, Samuel A. Houston, Suzan Cardwell, Steven R. Davis, T. Marc Calvert, Houston, TX, for appellees.

Panel consists of Chief Justice HEDGES and Justices FROST and GUZMAN.

### OPINION

ADELE HEDGES, Chief Justice.

On February 24, 2004, relators, Franz Emil Schneider, M.D. and Suresh Rajendran, M.D., filed a petition for writ of mandamus in this court. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp.2004); *see also* TEX.R.APP. P. 52. In their petition, relators seek to compel the Honorable Sharolyn Wood, Judge of the 127th Judicial District Court of Harris County, to set aside her September 26, 2003 order entered in cause number 2002–61220, styled *Curtis Phipps, et al. v. Juan Botto,*

M.D., et al., denying relators' motion to dismiss. Relators seek mandamus relief to compel the trial court to enter an order dismissing the claims against them with prejudice. Relators assert that dismissal is mandated because the expert report filed by the real parties in interest did not comply with former article 4590i, sections 13.01(d), 13.01(r)(6), 14.01(a), and 14.01(c) of the Medical Liability and Insurance Improvement Act.[1]

Relators and other physicians were sued by the family of Minnie Phipps for damages allegedly sustained as a result of medical malpractice during her treatment for abdominal pain during the seven months before her death. Relators complain that the report furnished by the real parties' expert does not constitute a good faith effort to comply with the statutory definition of an expert report. On September 26, 2003, the trial court denied relators' motion to dismiss, and relators subsequently filed this petition.

■■■■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law where there is no adequate remedy by appeal. *Walker v.*

*Packer,* 827 S.W.2d 833, 839 (Tex.1992). The requirement that a party seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. *Id.* at 840. Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *Id.* An appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining mandamus relief. *See CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex.1996); *Walker,* 827 S.W.2d at 842. Because mandamus is an extraordinary remedy, we may not issue mandamus to supervise or correct a trial court's incidental rulings when there is an adequate remedy at law, such as an appeal. *See Canadian Helicopters, Ltd. v. Wittig,* 876 S.W.2d 304, 306 (Tex.1994); *Walker,* 827 S.W.2d at 839–40.

Relators cite *In re Collom & Carney Clinic Association,* 62 S.W.3d 924 (Tex. App.-Texarkana 2001, orig. proceeding) to support their argument that appeal is inadequate to review the denial of a motion to dismiss due to a deficient expert report under former article 4590i.[2] In *Collom,*

---

1. Act effective August 29, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039 (as amended) (former Tex.Rev.Civ. Stat. Ann. art. 4590i, §§ 1.01–16.02 (the "Medical Liability and Insurance Improvement Act,")), *repealed by* Act effective September 1, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. Many of the provisions of former article 4590i are now codified at Tex. Civ. Prac. & Rem.Code Ann. §§ 74.001–74.507 (Vernon Supp.2004). Because this case was filed before September 1, 2003, the provisions of former article 4590i apply. Subsequent references to the repealed act will be cited as "former Tex.Rev.Civ. Stat. Ann. art. 4590i."

According to the former statute, an expert report must be from a physician who 1) is practicing medicine at the time the opinion is rendered or at the time the claim arose, 2) has knowledge of accepted standards of medical care for the diagnosis, care or treatment of the illness, injury, or condition involved in

the claim, and 3) is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of medical care. Former Tex Rev.Civ. Stat. Ann. art. 4590i, § 14.01(a)(1), (2), & (3). The statute also provides guidance to determine whether a witness is qualified on the basis of training or experience. Former Tex.Rev.Civ. Stat. Ann. art. 4590i, § 14.01(c).

2. Relators also rely on *In re Watumull,* 127 S.W.3d 351, 354–55 (Tex.App.-Dallas, 2004, orig. proceeding) (granting relief due to untimely report); *In re Tenet Hosp. Ltd.,* 116 S.W.3d 821, 827 (Tex.App.-El Paso 2003, orig. proceeding) (granting relief due to inadequate report); and *In re Morris,* 93 S.W.3d 388, 390 (Tex.App.-Amarillo 2002, orig. proceeding) (denying relief where no abuse of discretion was shown in granting extension), all of which follow *Collom's* holding that appeal is inadequate without further analysis.

the trial court found that the expert report filed by the plaintiff was untimely, and that the lack of compliance with section 13.01(d)'s requirement to file a report within 180 days was not due to accident or mistake. *See* former article 4590i, § 13.01(g) (providing for 30–day grace period where noncompliance is not intentional but due to accident or mistake). Nevertheless, the trial court granted a 30–day extension. *Id.* at 927.

Relators complained that the trial court had a ministerial duty to dismiss the plaintiff's case with prejudice. Although the Texarkana court acknowledged that the trial court's denial of motions designed to terminate or abate lawsuits generally are not reviewable by mandamus, it nonetheless conditionally granted relief.[3] In concluding an appellate remedy was inadequate to review the denial of a motion to dismiss after a trial court has found the report deficient, the Texarkana court recognized that the legislature's stated purpose in enacting article 4590i to reduce frivolous suits. *Id.* at 929.

■ We decline to follow *Collom* and its progeny. Unlike *Collom*, there is no complaint in this case that the report was untimely. The trial court here made no findings that the expert report was untimely, and thus no ministerial duty was triggered. The determination of whether plaintiffs have made a good faith effort to provide an expert report satisfying the statute requires judicial discretion rather than a ministerial act. *See In re Tenet Hosp. Ltd.*, 116 S.W.3d 821, 830 (Tex.App.-

El Paso 2003) (Wittig, J., dissenting) ("[T]he legislature invested with the trial court in the first instance, not the appellate courts, the authority to determine in its judicial discretion, the adequacy of a report."). Even the *Collom* court noted it could not review the merits of the trial court's findings on mandamus. *Collom*, 62 S.W.3d at 930 (Grant, J., concurring).

The legislature has recently amended section 51.014 of the Texas Civil Practice and Remedies Code to provide for an interlocutory appeal if a trial court denies a motion to dismiss a health care liability claim under section 74.351(b) when an expert's report has not been served within the statutory deadline. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204 § 1.03, 2003 Tex. Gen. Laws 847, 849 (current version at Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(9) (Vernon Supp.2004)). The amendment applies only to actions filed after September 1, 2003. Act of June 2, 2003, 78th Leg., R.S., ch. 204 § 23.02(d), 2003 Tex. Gen. Laws 847, 899. The legislature expressly chose to apply the amendment prospectively. Had the legislature intended to provide interlocutory review of the denial of motions to dismiss under the former article, it could have done so.

As for actions predating September 1, 2003, the Texas Supreme Court recently denied, without written opinion, ten petitions for writs of mandamus seeking to compel dismissal due to inadequate expert reports.[4] *See In Re Woman's Hosp. of Texas, Inc.*, 47 Tex. S.Ct. J. 318 (March 5, 2004); *In re Horswell*, 47 Tex. S.Ct. J. 318

---

**3.** The court cited several instances where mandamus is inappropriate, including the denials of summary judgments, pleas in abatement, special exceptions, motions to dismiss for *forum non conveniens* and other motions to dismiss. *See Collom*, 62 S.W.3d at 928–29, and cases cited therein.

**4.** Justice Owen, joined by Justices Hecht and Brister, filed a concurring and dissenting

opinion to the denial of these petitions, arguing that the purpose of the expert report requirements in former article 4590i can only be served if mandamus relief is available. *In re Woman's Hosp. of Texas, Inc.*, 47 Tex. Sup. Ct. J. 346, 351 (March 5, 2004) (Owen, J. concurring and dissenting) (dissenting to the denial of three petitions after considering the merits of each). Justice Owen recognized granting mandamus in these cases might lead

(March 5, 2004); *In re Shapiro,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Rodriguez,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Fort Worth Osteopathic Hosp., Inc.,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Barker,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Southside Fam. Care Assocs.,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Riverside Hosp., Inc.,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Farley,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Redels,* 47 Tex. S.Ct. J. 319 (March 5, 2004).

■ This court has previously denied mandamus relief under circumstances similar to those present here, declining to follow *Collom* and holding that an adequate remedy by appeal existed. *See In re Woman's Hosp. of Texas, Inc.,* No. 14–02–00561–CV (Tex.App.-Houston [14th Dist.] July 26, 2002, orig. proceeding) (not designated for publication), *mand. denied,* 47 Tex. Sup.Ct. J. 318 (March 5, 2004). We therefore hold that relators have an adequate remedy by appeal to review the determination of whether an expert's report represents a good faith effort to comply with the statutory requirements for such a report.

We deny relators' petition for writ of mandamus.

FROST, J. concurring.

KEM THOMPSON FROST, Justice, concurring.

*Is mandamus relief appropriate to compel a trial judge to dismiss claims with prejudice based on the plaintiff's failure to provide expert reports that comply with former article 4590i?*

There is a conflict among Texas courts of appeals on the correct answer to this question. Some say yes;[1] others say no;[2] some have yet to decide. Although the Texas Supreme Court has not expressly said so, it has sent a signal of sorts that mandamus relief is not available in these types of cases.

As the majority notes, our high court recently denied, without written explanation, ten petitions for writ of mandamus seeking to compel dismissal due to inadequate expert reports.[3] Because the rulings were made without explanation, they are without binding precedential effect,

to relaxed standards for granting mandamus relief in other cases. *Id.* at 355.

**1.** *See In re Smith,* 2004 WL 308664, at * 1–3 (Tex.App.-Eastland Feb.19, 2004, orig. proceeding) (mem.op.) (holding mandamus relief lies from trial court's failure to dismiss when required by former article 4590i); *In re Watumull,* 127 S.W.3d 351, 354 (Tex.App.-Dallas 2004, orig. proceeding) (holding mandamus relief lies and there is no adequate remedy at law if trial court fails to dismiss when required by former article 4590i); *In re Highland Pines Nursing Home, Ltd.,* 2004 WL 100403, at * 1–4 (Tex.App.-Tyler Jan.21, 2004, orig. proceeding) (mem.op.) (same as *Watumull*); *In re Tenet Hosp. Ltd.,* 116 S.W.3d 821, 827 (Tex.App.-El Paso 2003, orig. proceeding) (same as *Watumull*); *In re Morris,* 93 S.W.3d 388, 389–90 (Tex.App.-Amarillo 2002, orig. proceeding) (agreeing that mandamus is proper remedy if trial court fails to dismiss when required by former article 4590i but

finding that former article 4590i did not require dismissal under the facts presented); *In re Collom & Carney Clinic Assoc.,* 62 S.W.3d 924, 928–29 (Tex.App.-Texarkana 2001, orig. proceeding) (holding mandamus lies if trial court fails to dismiss when required by former article 4590i).

**2.** *In re Woman's Hosp. of Texas, Inc.,* No. 14–02–00561–CV (Tex.App.-Houston [14th Dist.] July 26, 2002, orig. proceeding) (finding adequate remedy at law) (not designed for publication), *mand. denied,* 47 Tex. Sup.Ct. J. 318 (March 5, 2004); *In re Herrera,* No. 05–02–000003–CV, 2002 WL 193307, at * 1 (Tex. App.-Dallas Feb.8, 2002, orig. proceeding) (finding adequate remedy at law) (not designated for publication).

**3.** *See In re Woman's Hosp. of Texas, Inc.,* 47 Tex. S.Ct. J. 318 (March 5, 2004); *In re Horswell,* 47 Tex. S.Ct. J. 318 (March 5, 2004); *In*

and thus provide no basis for requiring the denial of mandamus relief in any other case raising the same issue.[4] Our high court's silence on this issue, however, can hardly be considered in a vacuum given Justice Owen's concurring and dissenting opinion in those cases. *See In re Woman's Hosp. of Texas, Inc.,* 47 Tex. Sup.Ct. J. 346, 346–51, 2004 WL 422583, at \*1–5 (Mar. 5, 2004) (Owen, J., concurring and dissenting). Even though the Texas Supreme Court did not state its reasons for

denying these ten mandamus petitions,[5] in her opinion Justice Owen, joined by Justices Hecht and Brister, suggests that a majority of the justices may have concluded that the relators in those cases had an adequate remedy by appeal to review the determination of whether the expert's report represents a good faith effort to comply with the statutory requirements.[6]

Though the Texas Supreme Court did not reveal the rationale for its decisions in

*re Shapiro,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Rodriguez,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Fort Worth Osteopathic Hosp., Inc.,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Barker,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Southside Fam. Care Assocs.,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Riverside Hosp., Inc.,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Farley,* 47 Tex. S.Ct. J. 319 (March 5, 2004); *In re Redels,* 47 Tex. S.Ct. J. 319 (March 5, 2004).

4. There does not appear to be any Texas precedent expressly addressing this issue; however cases from other states hold that, when a court issues a decision without an opinion, that decision has no precedential effect as to any legal issues in the case. *See Cantrell v. Walker Builders, Inc.,* 678 So.2d 169, 171 (Ala Ct.App.1996) (noting that Alabama Supreme Court's decision without opinion has no precedential effect); *In re Title, Ballot Title and Submission Clause, and Summary for 1999–2000 # 235(a),* 3 P.3d 1219, 1222 n. 1 (Colo. 2000) (stating that prior decision without opinion of Colorado Supreme Court has no precedential effect); *Dept. Of Legal Affairs v. Dist. Ct. Of App., 5th Dist,* 434 So.2d 310, 311–12 (Fla.1983) (holding that an appellate court decision with no written opinion has no precedential value). Furthermore, a dissenting justice on a Texas intermediate court recently asserted that the Texas Supreme Court's rulings on these ten petitions without opinion does not bind the courts of appeals on the issue of whether mandamus relief is available if the trial court clearly abuses its discretion by failing to dismiss when required by former article 4590i. *See In re Hill Regional Hosp.,* 134 S.W.3d 533, 2004 WL 811729, at \*1 (Tex.App.-Waco Apr.14, 2004, orig. proceeding) (Gray, C.J., dissenting).

5. There are many possible reasons mandamus relief can be denied in any given case. Justice Owen noted several of these reasons in the part of her opinion in which she agreed that denial was appropriate as to six of the mandamus petitions before the Texas Supreme Court. *See, e.g., In re Woman's Hosp. of Texas, Inc.,* 47 Tex. Sup.Ct. J. at 353–55, 2004 WL 422583, at \*7–9 (stating that one mandamus petition should be denied because trial court did not abuse its discretion in determining that expert report satisfied statutory requirements and that another petition should be denied because the expert report met the statutory requirements). There is another possible explanation for the Texas Supreme Court's action. A majority of the court might have concluded that the Texas Legislature's grant of appellate review to cases filed on or after September 1, 2003, constitutes a legislative decision that no interlocutory relief, by mandamus or otherwise, should be available for cases filed before September 1, 2003. *See In re Woman's Hosp. of Texas, Inc.,* 47 Tex. Sup.Ct. J. 346, 348–51, 2004 WL 422583, at \*2–5 (Mar. 5, 2004) (Owen, J., concurring and dissenting). Likewise, though it seems terribly unlikely, it is technically possible that the Texas Supreme Court determined that the issue was not important to the jurisprudence of the state and therefore failed to qualify for mandamus relief. *See Tilton v. Marshall,* 925 S.W.2d 672, 682 (Tex.1996) (stating that mandamus petition can be denied if petition does not raise issues important for Texas jurisprudence). It seems more likely that the majority of justices on our high court rejected the dissenters' view that there is no adequate remedy in these types of cases.

6. *See In re Woman's Hosp. of Texas, Inc.,* 47 Tex. Sup.Ct. J. 346, 346–51, 2004 WL 422583,

these ten cases or make any pronouncements for lower courts to follow, it was not obliged to do so. The Texas Supreme Court is required to explain its decision by written opinion upon consideration by petition for review, but this requirement is not imposed when it denies a petition for mandamus in an original proceeding. *Compare* TEX.R.APP. P. 52.8(d) *with* TEX.R.APP. P. 63. Nonetheless, when the matter the high court is deciding is a recurring and unsettled one, an explanation would eliminate uncertainty, foster uniformity and consistency, and advance the Texas Supreme Court's paramount function of speaking with clarity on issues important to Texas jurisprudence.

With more than a thousand 4590i cases reportedly still in the pipeline,[7] the intermediate courts are sure to see this issue again. In the very short time since the Texas Supreme Court denied those ten mandamus petitions, this issue already has arisen several times.[8] Because the issue remains an open one, some litigants will continue to spend time and money seeking relief that our high court has signaled—but not said—is unavailable. Intermediate appellate courts will continue to expend their resources attending to and disposing of original proceedings presenting this issue. And, without binding precedent or a clear pronouncement from the Texas Supreme Court, the panels of these intermediate courts most likely will continue to be divided on the issue.[9] Even though these cases will evanesce in the not-too-distant future,[10] judicial economy would be well served by a definitive answer to this question.

Today, this court concludes that the relators have an adequate remedy by appeal in this case and denies mandamus relief on that basis. The result reached is at odds with Justice Owen's opinion in *In re Woman's Hosp. of Texas,* but is consistent with this court's prior holding[11] and is more likely than not in line with the view of the majority of justices on the Texas Supreme Court. Because our high court seems to have tacitly rejected the views expressed in Justice Owen's opinion, and because today's decision is in keeping with the prior decision of this court, I respectfully concur in the court's denial of the relators' petition for writ of mandamus in this case.

---

at *1–5 (Mar. 5, 2004) (Owen, J., concurring and dissenting).

7. *See In re Woman's Hosp. of Texas, Inc.,* 47 Tex. Sup.Ct. J. at 350, 2004 WL 422583, at *4.

8. *See, e.g., In re Hill Regional Hosp.,* 134 S.W.3d 533, 2004 WL 811729, at *1; *In re Wagner,* No. 10–04–000076–CV, 2004 WL 811737, at *1 (Tex.App.-Waco Apr.14, 2004, orig. proceeding) (mem.op.); *In re Esparza,* No. 13–04–054–CV, 2004 WL 435241, at *1 (Tex.App.-Corpus Christi Mar.10, 2004, orig. proceeding) (mem.op.); *In re Christus Spohn Health Sys.,* No. 13–04–081–CV, 2004 WL 435217, at *1 (Tex.App.-Corpus Christi Mar.10, 2004, orig. proceeding) (mem.op.).

9. *See, e.g., In re Hill Regional Hosp.,* 134 S.W.3d 533, 2004 WL 811729, at *1 (Tex. App.-Waco Apr.14, 2004, orig. proceeding) (Gray, C.J., dissenting).

10. As to cases filed on or after September 1, 2003, the Texas Legislature has expressly provided for interlocutory appeals from orders denying motions to dismiss for failure to timely file an expert report that represents a good faith effort to comply with the statutory requirements. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 1.03, 2003 Tex. Gen. Laws 847, 849 (current version at TEX. CIV. PRAC. & REM.CODE § 51.014(a)(9)).

11. *See In re Woman's Hosp. of Texas, Inc.,* No. 14–02–00561–CV (Tex.App.-Houston [14th Dist.] July 26, 2002, orig. proceeding) (not designed for publication).