NO. 07-04-0455-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 27, 2005



______________________________




IN RE GARY L. BROWN, M.D., P.A., AND GARY L. BROWN, M.D., RELATORS



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION


 In this original proceeding, relators Gary L. Brown, M.D., P.A., and Gary L. Brown,
M.D. (collectively, "Brown"), defendants in a health care liability claim, (1) seek writ of
mandamus directing the trial court to vacate an order granting a 30-day grace period to file
an expert report. We conditionally grant the petition.


BACKGROUND

 Real party in interest Adam Fraley filed a health care liability claim against Brown,
a urologist, alleging failure to timely diagnose Fraley's testicular cancer. Pursuant to his
obligation to file an expert report, Fraley filed a report from Badrinath Konety, M.D. Brown
filed a motion to dismiss, asserting that Konety's report was insufficient. In response,
Fraley asserted that the report was sufficient, but also filed a motion for a grace period
under section 13.01(g) in which he claimed that, if Konety's report was insufficient, then he
was entitled to a 30-day grace period because he mistakenly believed that the report
satisfied the requirements of section 13.01(r)(6). After hearing, the trial court found
Konety's expert report insufficient, granted Fraley's motion for grace period and denied
Brown's motion to dismiss.

 Referencing Walker v. Gutierrez, 111 S.W.3d 56 (Tex. 2003), In re Rodriguez, 99
S.W.3d 825, 827-28 (Tex.App.-Amarillo 2003, orig. proceeding), and In re Windisch, 138
S.W.3d 507, 510 (Tex.App.-Amarillo 2004, orig. proceeding), Brown asserts that the trial
court abused its discretion in granting Fraley a 30-day grace period. Brown prays for
issuance of a writ of mandamus directing the trial court to vacate its order granting Fraley
a grace period to file an expert report, and to dismiss Fraley's suit with prejudice. 

 Fraley first urges that mandamus is not appropriate to correct an improper grant of
a grace period because an adequate remedy is available by appeal. He also maintains that
if Konety's report was not sufficient, the insufficiency was not intentional or the result of
conscious indifference, but was due to an accident or mistake, and the trial court did not
abuse its discretion in granting a grace period. 

 We will address the issues in the order presented by the parties. 

AVAILABILITY OF MANDAMUS 

 Writ of mandamus is an extraordinary remedy that will issue only (1) to correct a
clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no
adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305
(Tex. 1994) (orig. proceeding). A court abuses its discretion when it acts unreasonably,
arbitrarily, or without reference to guiding rules and principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A court also abuses its discretion
by a clear failure to analyze or apply the law correctly. Walker v. Packer, 827 S.W.2d 833,
840 (Tex. 1992).

 This court has determined that an erroneous grant of a grace period denies a party
an adequate remedy by law. See In re Rodriguez, 99 S.W.3d at 827-28; In re Morris, 93
S.W.3d 388, 390 (Tex.App.-Amarillo 2002, orig. proceeding). We continue to adhere to
such view. See In re Windisch, 138 S.W.3d at 510. Accordingly, if the trial court abused
its discretion in granting the grace period, mandamus is available to remedy the error. 

DID THE EXPERT REPORT OMIT 

REQUIRED ELEMENTS


 The trial court found that Konety's report did not adequately address the elements
of standard of care and causation. Fraley recognizes that when a health care claim expert
report is inadequate because it omits one or more of the elements required by section
13.01(r)(6), then the assertion that the claimant believed the report to be adequate and that
the inadequacy was due to a mistake or accident does not negate a finding of intentional
conduct or conscious indifference. See Walker, 111 S.W.3d at 65; Horizon/CMS
Healthcare Corp. v. Fischer, 111 S.W.3d 67, 68 (Tex. 2003). However, he attempts to
factually distinguish Walker and Horizon/CMS Healthcare Corp. from his situation. Fraley
asserts that Konety's report did not omit any of the required elements. 

 In his report, Konety asserts that he is familiar with the standard of care required of
a urologist in evaluation, diagnosis, and treatment of the type of tumor involved in Fraley's
case. Konety notes that a sonogram ordered by Brown and taken in April 2002, showed
that Fraley had an extratesticular mass with vascularity, Brown's working diagnosis was a
benign cholesterol pearl, and Brown decided to observe the mass. At a follow-up interval
of one year, the mass had enlarged, was diagnosed as malignant, and was surgically
excised. Konety's report then outlines the remainder of Fraley's course of treatment and
gives a prognosis. 

 Konety opines in his report that at the time of the sonogram in April 2002, presence
of vascularity within the mass "should have raised reasonable concerns" regarding a
possible malignancy. The report also sets out that it would have been "more in keeping
with the standard of care" for Brown to have considered either reevaluation after a shorter
follow-up period to closely monitor the mass, or to have advised surgical intervention. 
Konety does not, however, express an opinion in the report that a reasonably prudent
urologist would have diagnosed Fraley's testicular mass as a malignancy following the April
2002 consultation, or that certain specific actions or courses of action would have been
taken by a reasonably prudent urologist to diagnose Fraley's mass. 

 It is the substance of the opinions in question, not the technical words used, that
determines whether a report complies with statutory mandates. See Bowie Mem'l Hosp.
v. Wright, 79 S.W.3d 48, 53 (Tex. 2002). Merely inserting the words "standard of care" in
a report, without setting out or describing what actions or courses of action are
encompassed within the standard, does not substantively express a standard of care. The
conclusion follows that Konety's report omitted the standard of care which § 13.01(r)(6)
requires to be included. 

 Because Koenty's report omitted an element required by the statute, a belief on
behalf of Fraley and his attorney that the report complied with the statute is not sufficient
to support a finding of accident or mistake. See Walker, 111 S.W.3d at 64-65. Under such
circumstances the trial court was not authorized by § 13.01(g) to grant a grace period and
abused its discretion in doing so. Id. 

 Our determination that Konety's report omitted the standard of care obviates the
need for us to address whether his report addresses the causation element, as required
by § 13.01(r)(6). See Tex. R. App. P. 47.1.

CONCLUSION

 Brown is entitled to the relief sought. We conditionally grant the petition for writ of
mandamus. We are confident the trial court will grant the relief to which Brown is entitled
pursuant to § 13.01(e) and this opinion. We will direct the clerk to issue the writ only in the
event the trial court does not do so. 

 

 Phil Johnson

 Chief Justice




 

 

1. 
 - 
 
 
 " " "§ "


iHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO.
07-09-0244-CV

                                                                              

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                                MARCH
5, 2010

                                            ______________________________

 

                                                            JAMES
L. OTWELL,

 

Appellant

 

                                                                            V.

 

                            VESTIN
MORTGAGE, INC. and VESTIN FUND II, L.L.C.,

 

Appellee

 

_________________________________

 

                        FROM
THE 419th DISTRICT COURT OF TRAVIS COUNTY;

 

        NO.
D-1-GN-08-000170; HONORABLE STEPHEN YELENOSKY, PRESIDING

                                           _______________________________

 

                                                  ORDER
DISMISSING APPEAL

    _______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant has filed a motion to dismiss.  Without passing on the merits of the case, we
grant the motion pursuant to Texas Rule of Appellate Procedure 42.1(a)(1) and dismiss the appeal. 
Having dismissed the appeal at appellant=s
request, no motion for rehearing will be entertained, and our mandate will
issue forthwith.

 

 

Brian
Quinn

       Chief Justice