NUMBER
13-05-441-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

____________________________________________________________

 

                           IN
RE McALLEN MEDICAL CENTER, INC.

                                D/B/A
McALLEN MEDICAL CENTER

                         AND
UNIVERSAL HEALTH SERVICES, INC.  

____________________________________________________________

 

                                  On
Petition for Writ of Mandamus ____________________________________________________________  

                                         MEMORANDUM
OPINION

 

                     Before
Justices Hinojosa, Yañez, and Rodriguez

                                 Memorandum
Opinion Per Curiam

 








Relators, McAllen Medical Center, Inc. d/b/a McAllen
Medical Center and Universal Health Services, Inc., filed a petition for writ
of mandamus with this Court on July 12, 2005. Through their petition, relators
ask this Court to direct the trial court to vacate its order denying relators= motion to dismiss all of the claims of the real
parties in interest, Ariceli Garza, et al., for failing to comply with the
statutory duty to provide adequate expert reports in a medical malpractice
case.  On July 14, 2005, the Court
requested that real parties in interest file a response, and their response was
filed with this Court on August 29, 2005. 
    To be entitled to mandamus
relief, relators must show that the trial court committed a clear abuse of
discretion and that they have no adequate remedy by appeal.  In re Ford Motor Co., 165 S.W.3d 315, 317
(Tex. 2005);  In re Prudential Ins.
Co. of Am., 148 S.W.3d 124, 135‑36 (Tex. 2004); Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992).  A trial
court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law or if it
clearly fails to correctly analyze or apply the law.  Walker, 827 S.W.2d at 839, 840.  Determining whether a party has an adequate
remedy by appeal requires a Acareful balance of jurisprudential considerations@ that Aimplicate both public and private interests.@  In re
Prudential, 148 S.W.3d at 136. When the benefits of mandamus review
outweigh the detriments, appellate courts must consider whether the appellate
remedy is adequate.  Id.








The court has considered relators= petition for writ of mandamus and the response
filed by real parties in interest.[1]  We conclude that relators have failed to show
either that the trial court clearly abused its discretion or that relators have
no adequate remedy by appeal.  See In
re Woman's Hospital of Texas, Inc., 141 S.W.3d 144, 152‑53 (Tex.
2004) (Owen, J., concurring in part and dissenting in part to denial of
petitions for writ of mandamus); In re Schneider, 134 S.W.3d 866, 869‑70
(Tex. App.BHouston [14th Dist.] 2004, orig. proceeding); see
also In re Christus Spohn Health Sys. Corp., No. 13-04-081-CV, 2004 Tex.
App. LEXIS 2232, *2‑*3 (Tex. App.BCorpus Christi Mar. 10, 2004, orig proceeding)
(memorandum opinion); In re Esparza, No. 13-04-054-CV, 2004 Tex. App.
LEXIS 2233, *4 (Tex. App.BCorpus Christi Mar. 10, 2004, orig. proceeding)
(memorandum opinion).  But see In
re Samonte, 163 S.W.3d 229, 238 (Tex. App.CEl
Paso 2005, orig. proceeding) (a post‑trial appeal cannot remedy the
deprivation of a statutory due process right to pretrial dismissal with
prejudice).  

Accordingly, the petition for writ of mandamus is
DENIED.  See Tex. R. App. P. 52.8(a).   

PER CURIAM

 

 

Memorandum
opinion delivered and filed

this
5th day of October, 2005.

 











[1] Relators have moved to strike real
parties= response as sanctions under Texas
Rule of Appellate Procedure 52.11.  See
Tex. R. App. P. 52.11 (allowing
sanctions in original proceedings).  We
have carefully considered relators= motion and the motion is denied.  We would note that we have, however, based
our decision herein on the materials that were before the trial court at the
time it acted.  See, e.g., University
of Tex. v. Morris, 162 Tex. 60, 344 S.W.2d 426, 429 (Tex. 1961); Methodist
Hosps. v. Tall, 972 S.W.2d 894, 898 (Tex. App.BCorpus Christi 1998, no pet.).