NUMBER 13-06-00256-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________


IN RE CLINICA SANTA MARIA


____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Benavides


Per Curiam Memorandum Opinion (1)



 Relator, Clinica Santa Maria, filed a petition for writ of mandamus in the above
cause on May 18, 2006, arguing that the trial court abused its discretion in denying
its motion for sanctions and dismissal under the former Medical Liability and Insurance
Improvement Act. See Tex. Rev. Civ. Stat. Ann. art. 4590i, repealed by Act of June
2, 2003, 78th Leg., R.S., ch.204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current
version at Tex. Civ. Prac. & Rem. Code Ann. § 74.001-.507 (Vernon 2005)). The
Court requested that real parties in interest file a response to relator's petition for writ
of mandamus on or before July 3, 2006, and said response was timely filed on June
30, 2006.

 The Court, having examined and fully considered the petition for writ of
mandamus and response thereto, is of the opinion that relator has not shown itself 
entitled to the relief sought. 

 First, considering the particular factual and legal background of this proceeding,
we conclude that the relator has an adequate remedy by appeal. (2) See In re Benavides,
180 S.W.3d 211, 212 (Tex. App.-San Antonio 2005, orig. proceeding); In re
Schneider, 134 S.W.3d 866, 869-70 (Tex. App.-Houston [14th Dist.] 2004, orig.
proceeding); see also In re McAllen Med. Ctr., Inc., No. 13-05-00441-CV, 2005 Tex.
App. LEXIS 8235, *2-*3 (Tex. App.-Corpus Christi 2005, orig. proceeding [pet.
granted]) (per curiam) (mem. op.); In re Christus Spohn Health Sys. Corp., No.
13-04-00081-CV, 2004 Tex. App. LEXIS 2232, *2-3 (Tex. App.-Corpus Christi Mar.
10, 2004, orig. proceeding) (per curiam) (mem. op.); In re Esparza, No.
13-04-00054-CV, 2004 Tex. App. LEXIS 2233, *4 (Tex. App.-Corpus Christi Mar.
10, 2004, orig. proceeding) (per curiam) (mem. op.). But see In re Covenant Med. Ctr.,
167 S.W.3d 919, 920 (Tex. App.-Amarillo 2005, orig. proceeding); In re Samonte, 163
S.W.3d 229, 238 (Tex. App.-El Paso 2005, orig. proceeding); In re Zimmerman, 148
S.W.3d 214, 216 (Tex. App.-Texarkana 2004, orig. proceeding); In re Collom & Carney
Clinic Ass'n, 62 S.W.3d 924, 928-30 (Tex. App.-Texarkana 2001, orig. proceeding); cf.
Watkins v. Jones, 192 S.W.3d 672, 674 (Tex. App.-Corpus Christi 2006, no pet.) (allowing
mandamus relief for the erroneous granting of a thirty day extension on grounds that an
erroneous grant of a grace period denies a party an adequate remedy by law, thus
mandamus is an appropriate means to remedy that error). 

 Second, the relator's petition for writ of mandamus is not timely. The order denying
the motion for sanctions and dismissal was signed on March 4, 2004; however, this original
proceeding was not filed until May 28, 2006, more than two years later. The parties have
substantially completed discovery in this matter, and trial is set for May 2007. We
would conclude that relator has not shown due diligence in pursuing relief. In re Users
Sys. Servs., Inc., 22 S.W.3d 331, 337 (Tex. 1999). 

 Third, the parties dispute whether or not the expert's report at issue included
the expert's curriculum vitae. If there are factual disputes, relief by mandamus is not
appropriate. Brady v. Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex. 1990). 
 Based on the foregoing, we DENY the petition for writ of mandamus. See Tex.
R. App. P. 52.8(a). Furthermore, all pending motions are denied as moot.


 PER CURIAM



Memorandum Opinion delivered and filed

this 6th day of March, 2007.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is
not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. The Texas Supreme Court denied petitions for mandamus in a series of cases discussed in a 2004
concurring and dissenting opinion. See generally In re Woman's Hosp. of Tex., Inc., 141 S.W.3d 144 (Tex.
2004) (Owen, J., concurring and dissenting). After the supreme court's denial of these mandamus petitions,
a series of intermediate appellate court denials of mandamus relief followed, including opinions from this
Court. Pending a definitive ruling from the high court, we will consider the adequacy of a remedy by appeal
on a case-by-case basis, giving proper deference to prior opinions from this Court. We would note that this
issue has a limited impact on future cases because section 51.014 of the Texas Civil Practice and Remedies
Code provides for an interlocutory appeal from a denial of the relief sought by a motion under section 74.351
for actions filed on or after September 1, 2003. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon
Supp. 2006).