Petition for Writ of Mandamus Denied and Majority and Concurring
Opinions filed May 13, 2004









Petition
for Writ of Mandamus Denied and Majority and Concurring Opinions filed May 13,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00169-CV

____________

 

IN RE FRANZ EMIL
SCHNEIDER, M.D. and

SURESH RAJENDRAN, M.D., Relators

 

 

_______________________________________________________

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

_______________________________________________________

 

C O N C U R R I N G   O P I N I O
N

Is
mandamus relief appropriate to compel a trial judge to dismiss claims with
prejudice based on the plaintiff=s failure
to provide expert reports that comply with former article 4590i? 








There is a conflict among Texas courts of appeals
on the correct answer to this question. Some say yes;[1]
others say no;[2]
some have yet to decide.  Although the
Texas Supreme Court has not expressly said so, it has sent a signal of sorts
that mandamus relief is not available in these types of cases.  








As the
majority notes, our high court recently denied, without written explanation,
ten petitions for writ of mandamus seeking to compel dismissal due to
inadequate expert reports.[3]
Because the rulings were made without explanation, they are without binding
precedential effect, and thus provide no basis for requiring the denial of
mandamus relief in any other case raising the same issue.[4]  Our high court=s silence on this issue, however, can
hardly be considered in a vacuum given Justice Owen=s concurring and dissenting opinion
in those cases.  See In re Woman=s Hosp. of Texas, Inc., 47 Tex. Sup. Ct. J. 346, 346B51, 2004 WL 422583, at *1B5 (Mar. 5, 2004) (Owen, J.,
concurring and dissenting).  Even though
the Texas Supreme Court did not state its reasons for denying these ten
mandamus petitions,[5] in her opinion Justice Owen, joined
by Justices Hecht and Brister, suggests that a majority of the justices may
have concluded that the relators
in those cases had an adequate remedy by appeal to review the determination of
whether the expert=s report represents a good faith effort to comply with the
statutory requirements.[6]  








Though the Texas Supreme Court did not reveal the
rationale for its decisions in these ten cases or make any pronouncements for
lower courts to follow, it was not obliged to do so.  The Texas Supreme Court is required to explain its decision
by written opinion upon consideration by petition for review, but this
requirement is not imposed when it denies a petition for mandamus in an
original proceeding.  Compare Tex. R. App. P. 52.8(d) with Tex. R. App. P. 63.  Nonetheless, when the matter the high court
is deciding is a recurring and unsettled one, an explanation would eliminate
uncertainty, foster uniformity and consistency, and advance the Texas Supreme
Court=s paramount function of speaking with
clarity on issues important to Texas jurisprudence.

With more than a thousand 4590i cases reportedly still in the
pipeline,[7]
the intermediate courts are sure to see this issue again.  In the very short time since the Texas
Supreme Court denied those ten mandamus petitions, this issue already has
arisen several times.[8]  Because the issue remains an open one, some
litigants will continue to spend time and money seeking relief that our high
court has signaled C but not said C is unavailable.  Intermediate appellate courts will continue
to expend their resources attending to and disposing of original proceedings
presenting this issue.  And, without binding
precedent or a clear pronouncement from the Texas Supreme Court, the panels of
these intermediate courts most likely will continue to be divided on the issue.[9]  Even though these cases will evanesce in the
not-too-distant future,[10]
judicial economy would be well served by a definitive answer to this question.








Today, this court concludes that
the relators have an
adequate remedy by appeal in this case and denies mandamus relief on that
basis.  The result reached is at odds
with Justice Owen=s opinion in In re Woman=s Hosp. of Texas, but is consistent with this court=s prior holding[11]
and is more likely than not in line with the view of the majority of justices
on the Texas Supreme Court.  Because our
high court seems to have tacitly rejected the views expressed in Justice Owen=s opinion, and because today=s decision is in keeping with the
prior decision of this court, I respectfully concur in the court=s denial of the relators= petition for writ of mandamus in
this case. 

 

/s/        Kem
Thompson Frost

Justice

 

Petition Denied and Majority and
Concurring Opinions filed May 13, 2004.

Panel consists of Chief Justice Hedges
and Justices Frost and Guzman.  (Hedges,
C.J., majority.)

 

 











[1]  See In re
Smith, 2004 WL 308664, at *1B3 (Tex.
App.CEastland Feb. 19, 2004, orig. proceeding) (mem. op.)
(holding mandamus relief lies from trial court=s
failure to dismiss when required by former article 4590i); In re Watumull,
127 S.W.3d 351, 354 (Tex. App.CDallas 2004, orig. proceeding) (holding mandamus
relief lies and there is no adequate remedy at law if trial court=s fails to dismiss when required by former article
4590i); In re Highland Pines Nursing Home, Ltd., 2004 WL 100403,
at *1-4 (Tex. App.CTyler  Jan. 21,
2004, orig. proceeding) (mem. op.) (same as Watumull) ; In re Tenet
Hosp. Ltd., 116 S.W.3d 821, 827 (Tex. App.CEl Paso
2003, orig. proceeding) (same as Watumull) ; In re Morris, 93
S.W.3d 388, 389B90 (Tex. App.CAmarillo
2002, orig. proceeding) (agreeing that mandamus is proper remedy if trial court
fails to dismiss when required by former article 4590i but finding that former
article 4590i did not require dismissal under the facts presented); In re
Collom & Carney Clinic Assoc., 62 S.W.3d 924, 928B29 (Tex. App.CTexarkana
2001, orig. proceeding) (holding mandamus lies if trial court fails to dismiss
when required by former article 4590i).  





[2]  In re Woman=s Hosp. of Texas, Inc., No. 14-02-00561-CV (Tex. App.CHouston [14th Dist.] July 26, 2002, orig. proceeding)
(finding adequate remedy at law) (not designed for publication), mand.
denied, 47 Tex. Sup. Ct. J. 318 (March 5, 2004); In re Herrera,
No. 05-02-000003-CV, 2002 WL 193307, at *1 (Tex. App.CDallas Feb. 8, 2002, orig. proceeding) (finding
adequate remedy at law) (not designed for publication).  





[3]  See In re
Woman=s Hosp. of Texas, Inc., 47 Tex. S. Ct. J. 318 (March 5, 2004); In re
Horswell, 47 Tex. S. Ct. J. 318 (March 5, 2004); In re Shapiro, 47
Tex. S. Ct. J. 319 (March 5, 2004); In re Rodriguez, 47 Tex. S. Ct. J.
319 (March 5, 2004); In re Fort Worth Osteopathic Hosp., Inc., 47 Tex.
S. Ct. J. 319 (March 5, 2004); In re Barker, 47 Tex. S. Ct. J. 319
(March 5, 2004); In re Southside Fam. Care Assocs., 47 Tex. S. Ct. J.
319 (March 5, 2004); In re Riverside Hosp., Inc., 47 Tex. S. Ct. J. 319
(March 5, 2004); In re Farley, 47 Tex. S. Ct. J. 319 (March 5, 2004); In
re Redels, 47 Tex. S. Ct. J. 319 (March 5, 2004).  





[4]  There does not
appear to be any Texas precedent expressly addressing this issue; however cases
from other states hold that, when a court issues a decision without an opinion,
that decision has no precedential effect as to any legal issues in the
case.  See Cantrell v. Walker
Builders, Inc., 678 So.2d 169, 171 (Ala Ct. App. 1996) (noting that Alabama
Supreme Court=s decision without opinion has no precedential
effect); In re Title, Ballot Title and Submission Clause, and Summary for
1999-2000 #235(a), 3 P.3d 1219, 1222 n.1 (Colo. 2000) (stating that prior
decision without opinion of Colorado Supreme Court has no precedential effect);
Dept. Of Legal Affairs v. Dist. Ct. Of App., 5th Dist, 434 So. 310, 311B12 (Fla. 1983) (holding that an appellate court
decision with no written opinion has no precedential value).  Furthermore, a dissenting justice on a Texas
intermediate court recently asserted that the Texas Supreme Court=s rulings on these ten petitions without opinion does
not bind the courts of appeals on the issue of whether mandamus relief is
available if the trial court clearly abuses its discretion by failing to
dismiss when required by former article 4590i. 
See In re Hill Regional Hosp., C S.W.3d C, C, 2004 WL 811729, at *1 (Tex. App.CWaco Apr. 14, 2004, orig. proceeding) (Gray, C.J.,
dissenting).





[5]  There are many
possible reasons mandamus relief can be denied in any given case.  Justice Owen noted several of these reasons
in the part of her opinion in which she agreed that denial was appropriate as
to six of the mandamus petitions before the Texas Supreme Court.  See, e.g., In re Woman=s Hosp. of Texas, Inc., 47 Tex. Sup. Ct. J. at 353B55, 2004 WL 422583, at *7B9 (stating that one mandamus petition should be denied
because trial court did not abuse its discretion in determining that expert
report satisfied statutory requirements and that another petition should be
denied because the expert report met the statutory requirements).  There is another possible explanation for the
Texas Supreme Court=s action. A majority of the court might have concluded
that the Texas Legislature=s grant of appellate review to cases filed on or after
September 1, 2003, constitutes a legislative decision that no interlocutory
relief, by mandamus or otherwise, should be available for cases filed before
September 1, 2003.  See In re Woman=s Hosp. of Texas, Inc., 47 Tex. Sup. Ct. J. 346, 348B51, 2004 WL 422583, at *2B5 (Mar. 5, 2004) (Owen, J., concurring and
dissenting).  Likewise, though it seems
terribly unlikely, it is technically possible that the Texas Supreme Court
determined that the issue was not important to the jurisprudence of the state
and therefore failed to qualify for mandamus relief.  See Tilton v. Marshall, 925
S.W.2d 672, 682 (Tex. 1996) (stating that mandamus petition can be denied if
petition does not raise issues important for Texas jurisprudence).  It seems more likely that the majority of
justices on our high court rejected the dissenters= view that there is no adequate remedy in these types
of cases.





[6]  See In re
Woman=s Hosp. of Texas, Inc., 47 Tex. Sup. Ct. J. 346, 346B51, 2004 WL 422583, at *1B5 (Mar. 5, 2004) (Owen, J., concurring and
dissenting).  





[7]  See In
re Woman=s Hosp. of Texas, Inc., 47 Tex. Sup. Ct. J. at 350, 2004 WL 422583, at *4. 





[8]  See, e.g.,
In re Hill Regional Hosp., C S.W.3d C, C, 2004 WL 811729, at *1; In re Wagner,
No. 10-04-000076-CV, 2004 WL 811737, at *1 (Tex. App.CWaco Apr. 14, 2004, orig. proceeding) (mem. op.);  In re Esparza, No. 13-04-054-CV,
2004 WL 435241, at *1 (Tex. App.CCorpus
Christi Mar. 10, 2004, orig. proceeding) (mem. op.); In re Christus
Spohn Health Sys., No. 13-04-081-CV, 2004 WL 435217, at *1 (Tex. App.CCorpus Christi Mar. 10, 2004, orig. proceeding) (mem.
op.).





[9]  See, e.g.,
In re Hill Regional Hosp., C S.W.3d C, C, 2004 WL 811729, at *1 (Tex. App.CWaco Apr. 14, 2004, orig. proceeding) (Gray, C.J.,
dissenting).  





[10]  As to cases
filed on or after September 1, 2003, the Texas Legislature has expressly
provided for interlocutory appeals from orders denying motions to dismiss for
failure to timely file an expert report that represents a good faith effort to
comply with the statutory requirements. See Act of June 2, 2003, 78th
Leg., R.S., ch. 204, ' 1.03, 2003 Tex. Gen. Laws 847, 849 (current version
at Tex. Civ. Prac. & Rem. Code
' 51.014(a)(9)). 





[11]  See In
re Woman=s Hosp. of Texas, Inc., No. 14-02-00561-CV (Tex. App.CHouston [14th Dist.] July 26, 2002, orig. proceeding)
(not designed for publication).