**In re Robert O. ZIMMERMAN, M.D.**

**No. 06–04–00095–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Oct. 14, 2004.
Decided Oct. 15, 2004.
Rehearing Overruled Nov. 16, 2004.

Douglas R. Lewis, Ignacio Barbero, Bishop & Hummert, PC, Dallas, for relator.

Linda C. Parrish, Jackson Walker, LLP, Houston, for Albion Guppy and Seleta Guppy.

Paula S. Shiroma–Bender, Stinnett Thiebaud & Remington, LLP, Dallas, for Samuel Drew Temple, M.D.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Robert O. Zimmerman, M.D., has filed a petition for writ of mandamus in which he asks us to order the trial court to vacate its February 20, 2004, ruling in which it reconsidered its previous order and granted plaintiffs an extension of time to file an amended expert report. The issue is the adequacy of the medical expert's report pursuant to former Article 4590i. Tex. Rev.Civ. Stat. Ann. art. 4590i, Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884, and recodified at Tex. Civ. Prac. & Rem.Code Ann. § 74.351 (Vernon Supp.2004–2005).

Zimmerman and other doctors were sued by Albion Guppy, based on his allegations that their failures in treatment resulted in serious injury. Zimmerman and James E. Gulde, M.D., filed motions to sever the claims against them from the lawsuit and to dismiss. The trial court granted Zimmerman's motion to dismiss October 13, 2003. The court conducted a hearing on a motion to reconsider January 23, 2004. The trial judge stated in open court that the expert's report was inadequate, but withdrew the dismissal as to Zimmerman and gave Guppy a thirty-day grace period, until February 23, 2004, to bring the expert report into compliance with the statute.

## Mandamus: Standard of Review

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria,* 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

## Relator's Arguments

Zimmerman argues that we should order the trial court to withdraw its order allowing Guppy an additional thirty days to amend the expert report and that the trial court clearly abused its discretion by reconsidering its order of dismissal and by allowing the thirty-day grace period.

In his petition for writ of mandamus, Zimmerman contends the trial court was required to dismiss the lawsuit because Guppy did not furnish either an "expert report" (because no adequate curriculum

vitae was attached), or any report that represented a good-faith effort to comply with the statute. He further argues that, under those circumstances, the trial court had no authority to grant a thirty-day grace period to bring the expert report into compliance-and that, by so doing, the court clearly abused its discretion.

Zimmerman finally argues that he has no adequate remedy at law because a post-trial appeal cannot remedy his loss of his due process right to pretrial dismissal with prejudice.

**Is Mandamus Available to Review a Court's Decision on an Expert Report**

Relying on *In re Collom & Carney Ass'n*, 62 S.W.3d 924 (Tex.App.-Texarkana 2001, orig. proceeding), a case from this Court, and on a case citing our opinion, Zimmerman takes the position that mandamus is routinely available to review a court's determination on an expert's report in a medical malpractice case. That is not a correct analysis of our opinion.

The facts in *Collom & Carney* were unique. The trial court explicitly found that the medical report failed to comply with the statute *and* that the failure was not the result of accident or mistake. Regardless, the trial court granted an extension of time to refile the expert medical report. *Id.* at 927. We expressly stated that the issue was whether "the trial court, having found that the expert report filed by the plaintiff was not in compliance with the statutory requirements, and having further found that such lack of compliance was *not* due to accident or mistake, had a ministerial duty to dismiss the plaintiff's case with prejudice." *Id.* We concluded that it did and that its findings precluded the court from granting a grace period or time extension—thus, in light of the mandatory language of the controlling statute, the trial court had a ministerial duty to dismiss with prejudice.

As explicitly pointed out in the concurring opinion authored by Justice Ben Z. Grant, we did not in that opinion review the merits of the court's finding on the expert's report. *Id.* at 930 (Grant, J. concurring). Indeed, the merits were later addressed by this Court in a direct appeal, in *Moore v. Sutherland*, 107 S.W.3d 786 (Tex.App.-Texarkana 2003, pet. denied). In that opinion, we addressed the merits of the issues raised concerning the expert's report and found that the court erred because the original report substantially complied with the statute and that the plaintiff was therefore entitled to the thirty-day extension to file a complying report.

Zimmerman also directs our attention to *In re Morris*, 93 S.W.3d 388, 390 (Tex. App.-Amarillo 2002, orig. proceeding), an Amarillo opinion that cites our opinion for the proposition that, because the statute expressed a specific purpose of addressing frivolous claims by requiring dismissal, remedy by direct appeal was inadequate and mandamus was available. We have previously discussed the basis on which mandamus was granted in *Collom & Carney*. The Amarillo court's analysis approves a further-reaching mandamus review than was present in *Collom & Carney*.

For mandamus relief to be available here, we first must conclude the trial court clearly abused its discretion or made findings which left it with the duty to perform only a ministerial act. If neither of those situations is present, the first requirement for mandamus relief is not shown and it is not necessary to address the second requirement (no adequate remedy by appeal). In this case, the trial court implicitly found that the report failed to comply with the statute since it granted the plaintiff an extension to correct it. However, the trial court further implicitly found that the failure to comply with the statute was

not intentional or a result of conscious indifference, but was a result of accident or mistake. This clearly distinguishes this case from *Collom & Carney*.[1]

■ The trial court is required to grant a thirty-day grace period if, after a hearing, "the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, . . . ." TEX.REV.CIV. STAT. ANN. art. 4509i, 13.01(g).[2] At the January 23 hearing, Ryan Chadwick, one of Guppy's attorneys, testified that, at the time he filed the expert medical report, he believed the report met the statutory requirements. He thought the information in the report was sufficient to provide the curriculum vitae of Dr. Carlos Herrera. He further stated he did not consciously disregard the requirements of the statute.

Zimmerman argues that Guppy is precluded from making this argument based on counsel's analysis of the recent Texas Supreme Court opinion in *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003).

In *Walker*, the court agreed that the Section 13.01(g) extension period applies to inadequate but timely filed reports. *Id.* at 61. The court reviewed the differences between failures that were intentional or the result of conscious indifference as opposed to those that were the result of accident or mistake. In the context of a mistake of law, i.e., an error by counsel in his or her understanding of the law, the court recognized that counsel had filed a report that entirely omitted two requirements of the statute. The court then held that, where counsel omitted "one or more of section 13.01(r)(6)'s required elements, a

purportedly mistaken belief that the report complied with the statute does not negate a finding of 'intentional or conscious indifference.' TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g). Accordingly, such a mistake is not a mistake of law that entitles a claimant to a section 13.01(g) grace period." *Id.* at 65. The opinion did not address situations where the element was provided—but arguably was inadequate.

In this case, counsel did not omit a required element of the statute. Arguably, the report was inadequate—but the required elements were not omitted. In such a situation, the express language of *Walker* does not apply and the trial court was not required, as a matter of law, to find that no accident or mistake occurred. Under *Walker*, a different result would exist had counsel entirely omitted a statutorily required portion of the report.

Under the requisite abuse of discretion analysis required under *Walker*, 111 S.W.3d at 62, we therefore conclude the trial court did not abuse its discretion by determining that Guppy should be allowed to amend and correct the expert report.

We deny the petition.

---

**1.** The Dallas Court of Appeals has recognized this limitation in *Collom & Carney*. *See In re Herrera*, No. 05–02–00003–CV, 2002 WL 193307, *1–2, 2002 Tex.App. LEXIS 1050, at

*4 (Tex.App.-Dallas Feb. 8, 2002, pet. dism'd) (not designated for publication).

**2.** Recodified at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(c).