Mary Louise WATKINS,
M.D., Appellant,

v.

Gary JONES, Appellee.

In re Mary Louise Watkins, M.D.

Nos. 13–05–765–CV, 13–06–080–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

May 4, 2006.

---

Ronald G. Hole, and I. Cecilia Garza, Hole & Alvarez, L.L.P., McAllen, for Appellant.

David R. Joe, Brewer, Anthony, Middlebrook PC, Harlingen, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

Mary Louise Watkins, M.D., files this joint petition for writ of mandamus and interlocutory appeal alleging that the trial court abused its discretion when it denied her motion to dismiss the underlying medical malpractice suit. We deny her petition for writ of mandamus.

### Background

Gary Jones, appellee and real party in interest, filed suit against Watkins after suffering an injury to his eye. Jones's suit alleged a health care liability claim pursuant to chapter 74 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.001— § 74.507 (Vernon 2005). Jones subsequently filed an expert report by Alexander P. Sudershan, M.D., concerning the injury.

Watkins responded by filing a motion to dismiss, citing the alleged inadequacy of the expert report. At the hearing on her motion, the trial court determined that the expert report was indeed inadequate but

that Jones was entitled to 30 days to correct the deficiencies. Jones then filed a new expert report within the 30–day deadline, which was not objected to by Watkins. Following the filing of the new report, the trial court entered an order denying Watkins's motion to dismiss.

## Analysis

■ Watkins contends that it was an abuse of discretion for the trial court to deny her motion to dismiss where Jones failed to produce an expert report as required by section 74.351. *See id.* § 74.351.

We note that Watkins fails to mention that Jones did comply with the trial court and produced an amended report within thirty days of the hearing, and that the trial court only then ruled to deny Watkins's motion to dismiss. Watkins also fails to include this amended report in the clerk's record, although the filing of the report is noted on the civil docket sheet included in the clerk's record. The burden lay upon Watkins to supply this Court with a complete record demonstrating that the trial court abused its discretion. *See Univ. of Tex. at Austin v. Hinton,* 822 S.W.2d 197, 202 (Tex.App.-Austin 1991, no writ) (citing *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990)). We must presume, therefore, that the missing documents would sustain the trial court's ruling. *Id.* (citing *Forestpark Enter. v. Culpepper,* 754 S.W.2d 775, 778 (Tex.App.-Fort Worth 1988, writ denied)).

Thus, Watkins's issue cannot be as broad as she initially requests, as Jones has indeed produced an expert report. Instead, we may only determine whether the trial court abused its discretion in granting Jones the 30–day extension to file a proper expert report.

## Mandamus as Remedy

■ We first address whether a petition for writ of mandamus is the proper method by which Watkins may contest this decision. Several of our sister courts of appeals have been faced with this question and have concluded that because "an erroneous grant of a grace period denies a party an adequate remedy by law," mandamus is an appropriate means to remedy that error. *In re Covenant Med. Ctr.,* 167 S.W.3d 919, 920 (Tex.App.-Amarillo 2005, no pet.) (orig.proceeding); *see also In re Zimmerman,* 148 S.W.3d 214, 216 (Tex. App.-Texarkana 2004, no pet.) (orig.proceeding). While this Court has never explicitly ruled on the issue, we have entertained—and denied—a petition for writ of mandamus regarding the grant of a 30–day extension for an expert report. *See In re Esparza,* No. 13–04–054–CV, 2004 WL 435241, at *1, 2004 Tex.App. LEXIS 2233, *4–5 (Tex.App.-Corpus Christi Mar.10, 2004, orig. proceeding) (per curiam). We conclude that a petition for writ of mandamus is the appropriate means to address this complaint; therefore, we dismiss the interlocutory appeal in cause number 13–05–765–CV for want of jurisdiction. We now turn to the merits of Watkins' petition.

■ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

■ In a health care liability claim, the plaintiff must file an expert report that fulfills certain statutory requirements within 120 days of filing suit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon 2005). If the report filed is inadequate as filed because elements of the report are found to be deficient, the trial court may grant one 30–day extension to the plaintiff in order to cure the deficiency. *Id.*

§ 74.351(c). If the plaintiff does not receive notice of the court's ruling granting the extension until after the 120–day deadline has passed, then the 30–day extension shall run from the date the plaintiff first received the notice. *Id.*

In this case, Jones filed an extremely brief report by Dr. Sudershan which discussed the incident in which Jones had been injured due to Watkins's allegedly negligent care. Although Jones argued that the report adequately "captured" the standard of care because his claim alleged simple negligence, the trial court disagreed. Although continuing to argue in defense of his expert report's compliance with the statutory requirements, Jones also expressed his willingness to remedy any deficiencies. The trial court ultimately ruled, "I'm going to give you thirty days. If you don't have that report, I am going to grant his dismissal.... It's not an expert's report as to the standard of care as required by the statute at all."

Watkins argues this statement indicates that Jones's report was so deficient as to not constitute an expert report under the statute whatsoever and, thus, the trial court could not have properly granted the 30–day extension. We disagree; it is clear from the record and transcript that the trial court implicitly determined that Jones's original expert report, although deficient, was nonetheless a good faith effort to comply with the statutory requirements. *See Zimmerman,* 148 S.W.3d at 216–17 ("the trial court ... implicitly found that the failure to comply with the statute was not intentional or a result of conscious indifference, but was a result of accident or mistake"); *see also Covenant Med. Ctr.,* 167 S.W.3d at 922. Furthermore, we note that the amended expert report was indeed filed within the time granted by the court, and Watkins has filed no objections to this new report.

We conclude that the trial court did not commit a clear abuse of discretion in allowing Jones's expert report to be amended in order to add the missing standard-of-care element. Given that no clear abuse of discretion is shown, we must deny Watkins's petition for writ of mandamus.

## Conclusion

Watkins's petition for writ of mandamus is denied.

Dissenting Opinion by Justice CASTILLO.

In this case, the trial court granted an oral request on behalf of real-party-in-interest Gary Jones for an extension of time to file an expert report. Relator Mary Louise Watkins asserts that the trial court's order granting the request violates section 74.351(c) of the Texas civil practice and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c) (Vernon Supp.2005). Because the majority and I diverge as to what constitutes an "expert report," I respectfully dissent.

### *I. Procedural History* [1]

By his live pleading filed on February 10, 2005, Jones alleged a health care liability claim. On April 18, 2005, he proffered an "expert report" from his treating physician, without a curriculum vitae, summarizing the evaluation, diagnosis, and treatment. On April 12, 2005, Watkins filed objections asserting that it did not comply with statutory requirements because it did not contain the applicable standard of care, a breach of any standard of care, and a

---

1. In a civil case, we accept as true the facts stated unless another party contradicts them.

*See* TEX.R.APP. P. 38.1(f).

causal link between an alleged breach and the complained-of injuries. On June 23, 2005, Watkins filed a motion to dismiss based on the same grounds urged in her objections. Watkins asserted that Jones had not filed an "expert report" and more than 120 days had passed. The trial court convened a hearing on Watkins's motion on September 21, 2005 and, after viewing the document, stated "it does not meet the standard." Jones argued that the report submitted was adequate but stated he was willing to amend it. The trial court granted Jones thirty days to file a compliant report. The trial court ruled:

> I'm going to give you 30 days. If you don't have that report, I am going to grant his dismissal. It needs to be in compliance with the statute because I agree with [Watkins' counsel] that all that is [sic] saying is reciting when she went to the doctor, what the doctor did, then she got laser treatment, and then her vision improved, but, you know, it wasn't back to where it was. It's just a narrative. It's not an expert's report as to the standard of care as required by the statute at all, not even close.

On November 29, 2005, the trial court entered an order denying Watkins' motion to dismiss. This combined original proceeding and appeal ensued.

## II. The Law

### A. Requirements of an Expert Report

Jones's medical malpractice suit fell squarely within the purview of the Medical Liability and Insurance Improvement Act of Texas, which applies to all healthcare liability claims brought in Texas. TEX.REV. CIV. STAT. ANN. §§ 74.001–74.507 (Vernon 2005). The statute has specific procedural requirements, including one requiring the

parties to timely serve an expert report with the expert's curriculum vitae to the opposing party. *See id.* § 74.351(a). "Expert report" means:

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id.* § 74.351(r)(6).[2] An "expert" is a person, among others, giving opinion testimony in any health care liability claim regarding whether a physician departed from accepted standards of medical care or about the causal relationship between the injury, harm, or damages claimed and the alleged departure from that standard. *See* TEX.REV.CIV. STAT. ANN. § 74.351(r)(5)(A), (C). The expert report must represent a good faith effort to provide a fair summary of the expert's opinions. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001). The report must include each of the statutory elements including standard of care, breach of that standard, and causation. *Id.* § 74.351(r)(6). A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in subsection. TEX.REV.CIV. STAT. ANN. § 74.351(*l*). A report does not constitute a good faith effort to comply with the statutory requirements if it omits any of the statutory elements. *Palacios*, 46

---

**2.** The Texas Legislature has stated that words and phrases used in a statute should be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon Supp. 2005).

S.W.3d at 879. The deadline for serving the report is not later than the 120th day after the date the original petition was filed. *Id.* § 74.351(a).

### B. Extension of Time for Filing the Expert Report

The statute also contains a specific provision regarding a thirty-day extension. The section provides in part that, if an expert report has not been served within the period specified by subsection (a) because elements of the report are found deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency. *See id.* § 74.351(c). Subject to subsection c, the trial court on proper motion shall dismiss the claim if an expert report has not been served within the statutory period. *Id.* § 74.351(b).

### III. Discussion

Respectfully, I disagree that the trial court implicitly determined that the report was a good faith effort to comply with statutory requirements.[3] The trial court expressly found that the report was a narrative. That express finding is correct because Jones served a narrative and not an expert report as that term is statutorily defined, *id.* § 74.351(r)(6). The narrative did not contain any of the statutory elements and, thus, does not constitute a good faith effort to comply with the statutory requirements. *See Palacios,* 46 S.W.3d at 879. Thus, the trial court correctly found that the document Jones served was a narrative and not an expert report. *See* Tex.Rev.Civ. Stat. Ann. § 74.351(r)(6).

Because the narrative omitted the statutory elements and was not a good faith effort to comply, the next inquiry is whether the trial court had discretion to grant an extension. Section 74.351(*l*) states that the trial court shall grant a motion challenging a report that does not represent an objective good faith effort to comply with the statutory definition of an expert report. Rev. Civ. Stat. Ann. § 74.351(*l*). Respectfully, I conclude that in this case, the medical narrative was not an objective good faith effort to comply with the statute. Thus, on proper motion to dismiss, the trial court had no discretion but to dismiss. *See id.* § 74.351(*l*); *Downer v. Aquamarine,* 701 S.W.2d 238, 241–42 (Tex. 1985) (holding that, in reviewing a trial court decision under an abuse of discretion standard, we must determine whether the trial court acted without reference to any guiding rules or principles). I further conclude that the trial court abused its discretion by granting an extension under section 74.351(c).

By its plain terms, section 74.351(c) authorizes an extension (1) where elements of the report are found deficient, and (2) to cure the deficiency. *See* Tex.Civ. Prac. & Rem.Code Ann. § 74.351(c). Jones filed a medical narrative rather than an expert report with a curriculum vitae. Absent an expert report, there is no deficiency to cure. Respectfully, I conclude that the trial court abused its discretion in granting an extension to cure a deficiency in a expert report that did not exist. *See id.* § 74.351(b), (c); *Downer,* 701 S.W.2d at 241–42.

### IV. Conclusion

Because I conclude that the statute does not authorize curing a deficiency in a medical narrative, which is not an expert report, I conclude that the trial court abused

---

**3.** The result of the majority's holding is that a medical narrative without a curriculum vitae satisfies the statutory definition of an expert report. *See* Tex.Rev.Civ. Stat. Ann. § 74.351(r)(6).

Respectfully, I disagree.

its discretion in denying Watkins's motion to dismiss. Thus, I respectfully dissent.