COURT OF APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS
CHRISTI B EDINBURG

 

NUMBER 13-05-765-CV

 

MARY LOUISE
WATKINS, M.D.,                                                      Appellant,

                                                             v.

GARY JONES,                                                                                   Appellee.

 

 

On
appeal from the 197th District Court

of
Cameron County, Texas.  

                                                                                    
               

 

NUMBER
13-06-080-CV

 

IN
RE: MARY LOUISE WATKINS, M.D.

 

On Petition for Writ of Mandamus.

 

                                                    O P I N I O N

 

     Before Chief Justice Valdez and Justices
Rodriguez and Castillo

      Opinion by Chief Justice Valdez

 








Mary Louise
Watkins, M.D., files this joint petition for writ of mandamus and interlocutory
appeal alleging that the trial court abused its discretion when it denied her
motion to dismiss the underlying medical malpractice suit.  We deny her petition for writ of mandamus.

Background

Gary Jones,
appellee and real party in interest, filed suit against Watkins after suffering
an injury to his eye.  Jones=s suit alleged a health care liability claim
pursuant to chapter 74 of the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.001 - ' 74.507 (Vernon 2005).  Jones subsequently filed an expert report by
Alexander P. Sudershan, M.D., concerning the injury. 

Watkins responded
by filing a motion to dismiss, citing the alleged inadequacy of the expert
report.  At the hearing on her motion,
the trial court determined that the expert report was indeed inadequate but
that Jones was entitled to 30 days to correct the deficiencies.  Jones then filed a new expert report within
the 30-day deadline, which was not objected to by Watkins.  Following the filing of the new report, the
trial court entered an order denying Watkins=s
motion to dismiss.

Analysis

Watkins contends
that it was an abuse of discretion for the trial court to deny her motion to
dismiss where Jones failed to produce an expert report as required by section
74.351.  See id. ' 74.351.








We note that
Watkins fails to mention that Jones did comply with the trial court and
produced an amended report within thirty days of the hearing, and that the
trial court only then ruled to deny Watkins=s
motion to dismiss.  Watkins also fails to
include this amended report in the clerk=s record, although the filing of the report is noted
on the civil docket sheet included in the clerk=s
record.  The burden lay upon Watkins to
supply this Court with a complete record demonstrating that the trial court
abused its discretion.  See Univ. of
Tex. at Austin v. Hinton, 822 S.W.2d 197, 202 (Tex. App.BAustin 1991, no writ) (citing Christiansen v.
Prezelski, 782 S.W.2d 842, 843 (Tex. 1990)).  We must presume, therefore, that the missing
documents would sustain the trial court=s ruling.  Id.
(citing Forestpark Enter. v. Culpepper, 754 S.W.2d 775, 778 (Tex. App.BFort Worth 1988, writ denied)).

Thus, Watkins=s issue cannot be as broad as she initially
requests, as Jones has indeed produced an expert report.  Instead, we may only determine whether the
trial court abused its discretion in granting Jones the 30-day extension to
file a proper expert report. 

Mandamus as
Remedy








We first address
whether a petition for writ of mandamus is the proper method by which Watkins
may contest this decision.  Several of
our sister courts of appeals have been faced with this question and have
concluded that because Aan erroneous grant of a grace period denies a party
an adequate remedy by law,@ mandamus is an appropriate means to remedy that
error.  In re Covenant Med. Ctr.,
167 S.W.3d 919, 920 (Tex. App.BAmarillo 2005, no pet.) (orig. proceeding); see
also In re Zimmerman, 148 S.W.3d 214, 216 
(Tex. App.BTexarkana 2004, no pet.) (orig. proceeding).  While this Court has never explicitly ruled
on the issue, we have entertained B and denied B a petition for writ of mandamus regarding the grant
of a 30-day extension for an expert report. 
See In re Esparza, No. 13‑04‑054‑CV, 2004 Tex.
App. LEXIS 2233, *4 - 5 (Tex. App.BCorpus Christi Mar. 10, 2004, orig. proceeding) (per
curiam).  We conclude that a petition for
writ of mandamus is the appropriate means to address this complaint; therefore,
we dismiss the interlocutory appeal in cause number 13-05-765-CV for want of
jurisdiction.  We know turn to the merits
of Watkins= petition.

Mandamus will lie
only to correct a clear abuse of discretion. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig.
proceeding).  Moreover, there must be no
other adequate remedy at law.  Id.  

In a health care
liability claim, the plaintiff must file an expert report that fulfills certain
statutory requirements within 120 days of filing suit.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(a) (Vernon 2005).  If the report filed is inadequate as filed
because elements of the report are found to be deficient, the trial court may
grant one 30‑day extension to the plaintiff in order to cure the
deficiency.  Id. ' 74.351(c). 
If the plaintiff does not receive notice of the court's ruling granting
the extension until after the 120‑day deadline has passed, then the 30‑day
extension shall run from the date the plaintiff first received the notice.  Id. 









In this case,
Jones filed an extremely brief report by Dr. Sudershan which discussed the
incident in which Jones had been injured due to Watkins=s allegedly negligent care.  Although Jones argued that the report adequately
Acaptured@ the standard of care because his claim alleged
simple negligence, the trial court disagreed. 
Although continuing to argue in defense of his expert report=s compliance with the statutory requirements, Jones
also expressed his willingness to remedy any deficiencies.  The trial court ultimately ruled, AI=m going to give you thirty days.  If you don=t have
that report, I am going to grant his dismissal. . . .  It=s not an expert=s report as to the standard of care as required by
the statute at all.@  

Watkins argues
this statement indicates that Jones=s report was so deficient as to not constitute an
expert report under the statute whatsoever and, thus, the trial court could not
have properly granted the 30-day extension. 
We disagree; it is clear from the record and transcript that the trial
court implicitly determined that Jones=s original expert report, although deficient, was
nonetheless a good faith effort to comply with the statutory requirements.  See Zimmerman, 148 S.W.3d at 216-17 (Athe trial court . . . implicitly found that the
failure to comply with the statute was not intentional or a result of conscious
indifference, but was a result of accident or mistake@); see also Covenant Med. Ctr., 167 S.W.3d at
922.  Furthermore, we note that the
amended expert report was indeed filed within the time granted by the court,
and Watkins has filed no objections to this new report. 

We conclude that
the trial court did not commit a clear abuse of discretion in allowing Jones=s expert report to be amended in order to add the
missing standard-of-care element.  Given
that no clear abuse of discretion is shown, we must deny Watkins=s petition for writ of mandamus.  

Conclusion

Watkins=s petition for writ of mandamus is denied.  

 

                                          

ROGELIO
VALDEZ

Chief
Justice

 

Dissenting Opinion by
Justice Castillo.

 

Opinion delivered and filed 

this 4th day of May, 2006.