NUMBER 13-05-736-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MARTHA MARIA MARTINEZ, M.D., Appellant,


v.
 


LARRY MARTINEZ AND SUSIE

STEPHANIE CAMPOS, Appellees.

 


On appeal from the 357th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez 


 In the underlying medical malpractice case, appellees, Susie Stephanie Campos
and Larry Martinez, filed suit against appellant, Martha Maria Martinez, M.D. By one
issue, Dr. Martinez contends the trial court abused its discretion in denying her motion
for dismissal and sanctions. We affirm. 

I. Background

 Campos presented herself to Clinica Santa Maria, where Dr. Martinez was
employed, on December 14 and 18, 2001. During her December 18th visit, Campos,
who was reportedly twenty-two weeks pregnant, complained of pelvic pain and
vaginal bleeding. After her December 18th visit, Campos was advised to go to a
hospital for treatment. While at the hospital, Campos had a "spontaneous vaginal
delivery of intact fetus and amniotic sac." The fetus was nonviable. 

 Appellees filed the underlying malpractice suit against Dr. Martinez and Clinica
Santa Maria alleging medical negligence, gross negligence, and malice. (1) Appellees
specifically alleged that Dr. Martinez was negligent and grossly negligent in failing to
do the following: (1) perform a complete and thorough examination of Campos when
she presented herself; (2) recognize, diagnose, and respond to the severity of
Campos's condition; (3) thoroughly and timely communicate Campos's emergent
condition to appropriate physicians; (4) properly assess Campos when she was
admitted to her care; (5) initiate an adequate treatment plan; (6) properly monitor
Campos's clinical deterioration; (7) provide appropriate medical and surgical
intervention to arrest Campos's deteriorating clinical condition; (8) arrange and provide
adequate medical supervision for Campos; (9) properly interpret routine symptoms; and
(10) order appropriate studies.

 Pursuant to section 13.01(d) of the former Medical Liability and Insurance
Improvement Act (the Act), appellees filed a report prepared by Donald J. Coney,
M.D., within 180 days of filing suit. See Act approved May 18, 1995, 74th Leg.,
R.S., ch. 140, § 1, sec. 13.01, 1995 Tex. Gen. Laws 985, 985-87, repealed by Act
approved June 11, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws
847, 884. (2) Pursuant to section 13.01(e), Dr. Martinez filed a motion for dismissal and
sanctions, alleging that (1) the expert report was inadequate, and (2) appellees failed
to provide a curriculum vitae with the expert report. (3) See id. Following a hearing on
the motion for dismissal and sanctions, the trial court denied the motion. Dr. Martinez
later filed a fourth motion for summary judgment, which the trial court granted. This
appeal ensued. 

II. Mootness Challenge

 Appellees argue that Dr. Martinez's sole issue is moot because the "claims
against Dr. Martinez have been disposed of." Therefore, before we reach the merits
of Dr. Martinez's complaint on appeal, we will first address appellees' mootness argument.

 To support their argument that Dr. Martinez's issue on appeal is moot, appellees
rely on three cases: Carter v. MacFadyen, 93 S.W.3d 307 (Tex. App.-Houston [14th
Dist.] 2002, pet. denied); Villafani v. Trejo, No. 13-04-449-CV, 2005 Tex. App. LEXIS
8265 (Tex. App.-Corpus Christi Oct. 6, 2005, pet. granted) (mem. op.); and Perry v.
Stanley, No. 06-03-00045-CV, 2003 Tex. App. LEXIS 9691 (Tex. App.-Texarkana
Nov. 14, 2003, no pet.) (mem. op.). We, however, find each of these cases
distinguishable from the instant case.

 In Carter, appellant Stephen Phillip Carter, filed a health care liability suit against
appellees, Bruce MacFadyen, M.D., and Memorial Hermann Health System, Inc., d/b/a
Hermann Hospital. See Carter, 93 S.W.3d at 309. Hermann Hospital moved for
summary judgment on no-evidence grounds, and Dr. MacFadyen moved for summary
judgment based on limitations. See id. The trial court granted appellees' motions. 
See id. In two issues, Carter appealed the trial court's grant of summary judgment in
favor of Hermann Hospital; the Fourteenth Court of Appeals overruled these two
issues. See id. at 311-12. After overruling these two issues, the court stated the
following:

 In a cross-point, Hermann argues the trial court should have dismissed
Carter's claim for failing to file an adequate expert report. See Tex. Rev.
Civ. Stat. Ann. art. 4590i, § 13.01(d) (Vernon Supp. 2002). In view of
our decision to affirm Hermann's motion for summary judgment, the
cross-point is moot.


Id. at 312.

 Appellees urge this Court to conclude that Dr. Martinez's issue on appeal is
moot based on the conclusion reached by the court in Carter. See id. However, we
will not do so. The Carter opinion does not provide a basis, on which we can rely, to
explain its conclusion that Hermann's cross-point is moot. See id. Furthermore, the
Carter opinion does not indicate whether Hermann Hospital filed a motion for dismissal
and sanctions pursuant to section 13.01, as Dr. Martinez did in the instant case. See
generally id. Therefore, we decline to apply Carter to the facts of this case.

 In Villafani, appellant, Juan Mario Villafani, M.D., appealed the trial court's
denial of his motion for dismissal and sanctions based on appellee's, Adela Trejo's,
failure to file a report that complied with the expert report requirements of section
13.01 of the former Act. See Villafani, 2005 Tex. App. LEXIS 8265, at *1. The trial
court denied Dr. Villafani's motion. See id. at *2. Trejo subsequently filed a notice
of non-suit, and the trial court dismissed her claims without prejudice. See id. This
Court concluded that the non-suit vitiated the order denying Dr. Villafani's motion,
thereby rendering any controversy regarding the motion moot. See id. (citing In re
Bennett, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam)). This Court
further concluded that because the motion for sanctions and dismissal was not a
pending claim at the time the non-suit was granted, Texas Rule of Civil Procedure 162
could not serve as a basis for its jurisdiction. See id. at *2-*3; see also Tex. R. Civ.
P. 162 (providing that any dismissal resulting from a non-suit "shall have no effect on
any motions for sanctions, attorney's fees or other costs, pending at the time of
dismissal"). Thus, this Court dismissed the appeal for lack of jurisdiction. See
Villafani, 2005 Tex. App. LEXIS 8265, at *3.

 Here, however, the trial court dismissed the case as a result of a summary
judgment granted in favor of Dr. Martinez; the dismissal did not result from a non-suit
taken by appellees. We cannot conclude that the dismissal on summary judgment
grounds, rather than on the basis of a non-suit, in the instant case vitiated the trial
court's order denying Dr. Martinez's motion for dismissal and sanctions, thereby
rendering the order moot; appellees provide us with no such authority, and we find
none on the facts of this case. Therefore, we conclude that appellees' reliance on
Villafani is misplaced.

 In Perry, appellant, Gerald Allen Perry, filed suit against appellees, Reginaldo
Stanley, Clovis Gilbert, Lowry Powers, and Jonathan Pleasant, for allegedly providing
negligent medical care. See Perry, 2003 Tex. App. LEXIS 9691, at *1. Perry later
filed a motion for sanctions against appellees for alleged discovery abuses. See id. at
*2. Appellees filed a motion to dismiss, pursuant to section 13.01 of the Act, based
on Perry's failure to file an expert report for each appellee within 180 days of filing the
suit. See id. at *3-*5. Perry admitted that he had failed to file the expert reports
within the time period required by section 13.01(d), and the trial court dismissed the
suit with prejudice, as mandated by section 13.01(e). See id. at *5. The trial court
did not rule on Perry's motion for discovery sanctions. See id. at *2. On appeal, Perry
asserted that the trial court erred by failing to rule on and to grant his motion for
discovery sanctions against appellees. See id. at *1. The Texarkana Court of Appeals
concluded that Perry had failed to preserve this issue for appellate review by not
obtaining a ruling on the motion. See id. at *3-*4. Nevertheless, the court went on
to say that even if the issue had been preserved, the motion for discovery sanctions
was moot because Perry's failure to timely file the required expert reports left the trial
court with no discretion but to dismiss the suit with prejudice. See id. at *4-*5.

 In the instant case, the trial court ruled on Dr. Martinez's motion for dismissal
and sanctions, and, therefore, the issue was preserved for appellate review. 
Furthermore, the instant case does not involve a motion for discovery sanctions that 
can be mooted, see id., by the mandatory dismissal of a medical malpractice case. 
Instead, the present case raises the issue of the denial of mandatory sanctions, in the
form of (1) the dismissal of the case with prejudice, (2) attorney's fees and costs of
court, and (3) the forfeiture of a cost bond to the extent necessary to pay the award. 
Accordingly, we conclude that appellees' reliance on Perry is also misplaced.

 Thus, we conclude that appellees' mootness challenge is without merit. 
Moreover, we note that this Court has held that a party has a remedy by appeal to
challenge a trial court's order denying a motion for dismissal and sanctions under the
former Act. See In re Clinica Santa Maria, No. 13-06-256-CV, 2007 Tex. App. LEXIS
1882, at *1-*2 (Tex. App.-Corpus Christi Mar. 6, 2007, orig. proceeding) (per
curiam) (mem. op.) (citing see In re Benavides, 180 S.W.3d 211, 212 (Tex. App.-San
Antonio 2005, orig. proceeding); In re Schneider, 134 S.W.3d 866, 869-70 (Tex.
App.-Houston [14th Dist.] 2004, orig. proceeding); see also In re McAllen Med. Ctr.,
Inc., No. 13-05-00441-CV, 2005 Tex. App. LEXIS 8235, *2-*3 (Tex. App.-Corpus
Christi 2005, orig. proceeding [pet. granted]) (per curiam) (mem. op.); In re Christus
Spohn Health Sys. Corp., No 13-04-00081-CV, 2004 Tex. App. LEXIS 2232, *2-*3
(Tex. App.-Corpus Christi Mar. 10, 2004, orig. proceeding) (per curiam) (mem. op.);
In re Esparza, No. 13-04-00054-CV, 2004 Tex. App. LEXIS 2233, *4 (Tex.
App.-Corpus Christi Mar. 10, 2004, orig. proceeding) (per curiam) (mem. op.). But
see In re Covenant Med. Ctr., 167 S.W.3d 919, 920 (Tex. App.-Amarillo 2005, orig.
proceeding); In re Samonte, 163 S.W.3d 229, 238 (Tex. App.-El Paso 2005, orig.
proceeding); In re Zimmerman, 148 S.W.3d 214, 216 (Tex. App.-Texarkana 2004,
orig. proceeding); In re Collom & Carney Clinic Ass'n, 62 S.W.3d 924, 928-30 (Tex.
App.-Texarkana 2001, orig. proceeding); cf. Watkins v. Jones, 192 S.W.3d 672, 674
(Tex. App.-Corpus Christi 2006, no pet.) (denying mandamus relief and providing that
the relator, who was challenging the trial court's denial of its motion for sanctions and
dismissal under the former Act, had an adequate remedy by appeal)).

 Accordingly, we will now address the merits of Dr. Martinez's issue on appeal.

III. Motion for Dismissal and Sanctions

 By her sole issue, Dr. Martinez asserts the trial court abused its discretion in
denying her motion for dismissal and sanctions because (1) the expert report filed by
appellees was inadequate, and (2) appellees failed to provide her with the expert's
curriculum vitae.

A. Standard of Review

 We review a trial court's denial of a motion for dismissal and sanctions based

on a plaintiff's alleged failure to comply with the expert report requirements of section
13.01 under an abuse of discretion standard. See Am. Transitional Care Ctrs. of Tex.,
Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001). A trial court abuses its discretion
when it acts arbitrarily or unreasonably, without reference to guiding rules or
principles. Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam)
(citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). 
A trial court does not abuse its discretion simply because it may decide a matter within
its discretion differently than an appellate court. Moore v. Sutherland, 107 S.W.3d
786, 789 (Tex. App.-Texarkana 2003, pet. denied) (citing Downer, 701 S.W.2d at
242).

B. Applicable Law

 Section 13.01(d) of the Act requires a plaintiff in a medical malpractice action,
not later than 180 days after suit is filed, to (1) furnish each defendant physician or
health care provider an expert report and the expert's curriculum vitae, or (2)
voluntarily nonsuit the action against the physician or health care provider. See Act
approved May 18, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01, 1995 Tex. Gen.
Laws 985, 985-87 (repealed 2003). Section 13.01(r)(6) of the Act defines an expert
report as follows:

 a written report by an expert that provides a fair summary of the expert's
opinions as of the date of the report regarding applicable standards of
care, the manner in which the care rendered by the physician or health
care provider failed to meet the standards, and the causal relationship
between that failure and the injury, harm, or damages claimed.


Id.

 If a plaintiff timely furnishes a report and curriculum vitae, a defendant may
move to challenge the adequacy of the report. See id.; Palacios, 46 S.W.3d at 877. 
A trial court must grant a motion challenging the adequacy of an expert report if "it
appears to the court . . . that the report does not represent a good faith effort to
comply with the definition of an expert report." See Act approved May 18, 1995,
74th Leg., R.S., ch. 140, § 1, sec. 13.01, 1995 Tex. Gen. Laws 985, 985-87
(repealed 2003); Palacios, 46 S.W.3d at 877. For an expert report to constitute a
good faith effort, it must provide enough information to fulfill two purposes: (1) the
report must inform the defendant of the specific conduct the plaintiff has called into
question; and (2) the report must provide a basis for the trial court to conclude that
the claims have merit. Bowie, 79 S.W.3d at 52; Palacios, 46 S.W.3d at 879. A
report that merely states the expert's conclusions about the standard of care, breach,
and causation does not fulfill these two purposes. Palacios, 46 S.W.3d at 879; see
Bowie, 79 S.W.3d at 52. "Nor can a report meet these purposes and thus constitute
a good-faith effort if it omits any of the statutory requirements." Palacios, 46 S.W.3d
at 877 (citing Hart v. Wright, 16 S.W.3d 872, 877 (Tex. App.-Fort Worth 2000, pet.
denied)).

 A report that does not constitute a good faith effort to comply with the
definition of an expert report, pursuant to section 13.01(l), does not constitute an
expert report for purposes of satisfying section 13.01(d). See Walker v. Gutierrez,
111 S.W.3d 56, 61-62 (Tex. 2003) (providing that a party who has timely filed a
report that does not satisfy the statutory requirements has "failed to comply" with the
section 13.01(d) deadline); Shaw v. BMW Healthcare, Inc., 100 S.W.3d 8, 11 n.3
(Tex. App.-Tyler 2002, pet. denied) (providing that "If a plaintiff provides a defendant
with an inadequate expert report, section 13.01(e) requires the trial court to dismiss
the plaintiff's case with prejudice and order the plaintiff to (1) forfeit any cost bond,
and (2) pay the defendant's reasonable attorney's fees and costs of court"). 
Therefore, if the trial court determines that a report is inadequate because it does not
constitute a good faith effort to comply with the definition of an expert report under
section 13.01(l), and more than 180 days have passed since the filing of the suit, the
trial court must, pursuant to section 13.01(e) and on the motion of the affected
defendant, (1) dismiss the case with prejudice, (2) award attorney's fees and costs to
the affected defendant, and (3) order the forfeiture of any applicable cost bond
necessary to pay such an award. See Shaw, 100 S.W.3d at 11 n.3; see also Act
approved May 18, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01, 1995 Tex. Gen.
Laws 985, 985-87 (repealed 2003). 

C. Analysis

1. Adequacy of Report

 Dr. Martinez contends that the report filed by appellees does not represent a
good faith effort to comply with the definition of an expert report under section
13.01(l), and, therefore, appellees failed to comply with the 180-day deadline of
section 13.01(d). Specifically, Dr. Martinez asserts that the report fails to (1) "state
what standard of care is applicable to each Defendant," (2) "identify which Defendant
allegedly breached the standard of care," and (3) set forth the causal link between the
alleged breach and appellees' damages. In addition, Dr. Martinez contends that
appellees failed to furnish her with their expert's curriculum vitae. Dr. Martinez, thus,
contends that the trial court abused its discretion in denying her motion for dismissal
and sanctions pursuant to section 13.01(e). We disagree.

 In determining whether a report constitutes a good faith effort, "[t]he trial court
should look no further than the report itself, because all the information relevant to the
inquiry is contained within the document's four corners." Bowie, 79 S.W.3d at 52
(citing Palacios, 46 S.W.3d at 878). Here, the report states the following in relation
to the standard of care element: "Likewise, the physician should have obtained the
results of the vaginal culture when Ms. Campos had symptoms of pre-term labor."
Although the statement does not refer to Dr. Martinez by name, we nonetheless
conclude that this statement provides a fair summary of the expert's opinion regarding
the standard of care applicable to Dr. Martinez, as the physician in the underlying suit. 
See Act approved May 18, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01, 1995
Tex. Gen. Laws 985, 985-87 (repealed 2003).

 With respect to the breach element, the report states the following: 

 It is my opinion that there were breaches in the standards of care. 
Specifically, a vaginal culture was performed on Ms. Campos on
December 14, 2001 that revealed gardnella vaginitis. Ms. Campos was
inappropriately treated for a yeast infection and never treated for the
gardnella infection. . . . It is my opinion that failure to treat Ms. Campos
when she was having symptoms of vaginitis and pre-term labor in the
presence of a possible culture is below the standard of care.

 

We conclude that these statements, when read together with the standard of care
applicable to Dr. Martinez, provide a fair summary of the expert's opinion regarding the
breach in the standard of care by Dr. Martinez. See id. 

 As to the causation element, the report states the following: "Gardnella
vaginalis causes bacterial vaginosis, which in turn, is associated with an increased
incidence of premature births." In addition, as noted in our discussion of the breach
element, the report specified that Campos "was having symptoms of vaginitis and pre-term labor in the presence of a positive culture." Thus, we conclude that these
statements provide a fair summary of the expert's opinion regarding the causal
relationship between Dr. Martinez's breach and the injury, that is, Campos's pre-term
labor that resulted in the delivery of a nonviable fetus. See id.

 We further conclude that the report constituted a good faith effort to comply
with the definition of an expert report because it (1) informed Dr. Martinez of the
specific conduct called into question by appellees, and (2) it provided a basis for the
trial court to conclude that appellees' claims had merit. See Bowie, 79 S.W.3d at 52;
Palacios, 46 S.W.3d at 879.

 Accordingly, we cannot conclude that the trial court abused its discretion in
denying Dr. Martinez's motion for dismissal and sanctions on the basis that the report
was inadequate. 


2. Curriculum Vitae

 Dr. Martinez also contends that appellees did not provide her with a copy of the
expert's curriculum vitae. However, based on the record before us, we cannot
determine whether the expert's curriculum vitae was provided to Dr. Martinez. 
Although counsel for Dr. Martinez argued at the hearing on the motion for dismissal
and sanctions that Dr. Martinez had not been provided with a copy of the expert's
curriculum vitae, the record does not provide anything more than counsel's argument
on which the trial court could base its ruling. At the hearing, the trial court admitted
a copy of the report; although the report stated that a copy of the expert's curriculum
vitae was attached, there was no such copy attached to the report in the exhibit. 
However, the absence of the curriculum vitae in the hearing record does not evidence
the fact that Dr. Martinez did not receive a copy of the expert's curriculum vitae from
appellees at some time prior to the expiration of the 180 days during which time
appellees were required to provide the curriculum vitae. See Act approved May 18,
1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01, 1995 Tex. Gen. Laws 985, 985-87
(repealed 2003). Accordingly, we cannot conclude that the trial court abused its
discretion in denying Dr. Martinez's motion for dismissal and sanctions on this basis. 
 Having determined that the trial court did not abuse its discretion in denying Dr.
Martinez's motion, we need not address Dr. Martinez's sub-issue related to attorney's
fees. See Tex. R. App. P. 47.1.

 We overrule Dr. Martinez's sole issue.


IV. Conclusion

 Accordingly we affirm the judgment of the trial court.

 

 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 16th day of August, 2007.

1. The trial court severed appellees' claims against Dr. Martinez from appellees' claims against
Clinica Santa Maria. As a result, Clinica Santa Maria is not a party to this appeal.
2. Article 4590i of the Texas Revised Civil Statutes, which contained section 13.01 of the former
Medical Liability and Insurance Improvement Act, was repealed in 2003. See Act approved June 11,
2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. Because the underlying suit
was filed prior to September 1, 2003, the effective date of the repeal, we will apply the former Act in
our review of this appeal.
3. Dr. Martinez, through her motion for dismissal and sanctions, sought (1) the dismissal of the
case with prejudice, (2) an award of reasonable attorney's fees and costs of court, and (3) the forfeiture
of applicable cost bonds.